HARVEY HAYS and ROBERT T. CURTISS, Plaintiffs
in Error,

*vs.*

JOHN E. KENDALL, Defendant in Error.

ERROR TO DANE CIRCUIT COURT.

The Supreme Court, on error, cannot take notice of any defect or insufficiency in
the evidence produced on the trial unless the same is brought to the record by
bill of exceptions.

ACTION of assumpsit, commenced by the defendant in error
against the plaintiffs in error, by service of declaration and rule,
under the statute. The declaration was in the common counts,
against the maker and indorser of the note, with a copy of the
note and indorsement thereon, and served with the declaration.
Afterwards the defendants below, now plaintiffs in error, appeared
and filed their plea of the general issue, and afterwards, before
the cause was brought on for trial of the issue, the defendants
below withdrew their plea, and were thereupon adjudged in de-
fault, and on motion of the attorney of the plaintiff below judg-
ment interlocutory was entered ; afterwards, on motion, judgment
was rendered for the amount of the note and costs, to wit, $399.11
damages, and costs to be taxed.

The record presented in the case furnishes no fuller statement
of facts other than that given above, and what is set forth in the
opinion of the court. This doubtless is owing to a failure to
bring to the record, by bill of exceptions, the matters excepted
to in the proceedings in the court below.

*Hood & Tenny,* for the plaintiffs in error.

*Smith & Keyes,* for the defendant in error.

*By the Court,* COLE, J. There being no bill of exceptions in

Hays and Curtiss vs. Kendall.

this case, we can only notice such alleged errors as appear upon the record. The counsel for the plaintiffs in error contends that the proof in the court below was defective or insufficient to warrant the finding of the court. If the objections had been properly taken and incorporated in a bill of exceptions, we might have considered them. But now it is otherwise.

The objection taken to the record is, that it does not show that the court entered an interlocutory judgment upon the plea being withdrawn by the defendants below. We think the record does show that such a judgment was entered by the court. The form entered may not be as full as the forms contained in the precedents of judgment records given in books of practice in the state of New York; yet we think it is sufficient. It is a judgment of the court, and not a rule for a judgment drawn by counsel, as supposed on the argument.

Judgment of the Circuit Court is therefore affirmed, with costs.