## DAVIDSON vs. DAVIDSON.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard November 14, 1859.]                    [Decided December 14, 1859.

*Bills of Exception—Practice.*

If a party to an action desire the supreme court to review the testimony, to see if it supported the conclusions of the court below upon the facts he should cause a case to be made, or bill of exception settled, embracing the testimony; otherwise, the facts will not be re-examined, even in an equity case.

A certificate of the judge who tried the cause that the printed case contains copies of the complaint, answer and evidence produced in the court, &c., cannot be used as a substitute for a case or bill of exceptions.

This action was brought to compel the conveyance by the defendant to the plaintiff of certain lands described in the complaint, alleged to have been purchased by the defendant as the agent of the plaintiff, and for his benefit. The complaint and answer were served respectively on the 30th day of June, and the 16th day of July, 1857. The complaint, in substance, set forth : That James Davidson, the plaintiff, complains of Robert Davidson, the defendant, and shows that on the first day of March, 1853, it was agreed by and between the plaintiff, who was then a resident of the Province of Canada West, and the defendant, who was then a resident of the town of Cottage Grove, county of Dane, Wisconsin, that the defendant should purchase for the plaintiff the following described lands, then owned by one E. D. R. Newcomb: The S. W. qr. of sec, 18, T. 7, R. 11, and the S. E. qr. of the S. E. qr. of sec. 13, T. 7, R. 10, in the county of Dane, on such terms of payment as should be agreed upon by the de-defendant and Newcomb. That after making the agreement with the defendant, the plaintiff returned to Canada for the purpose of removing with his family to Cottage Grove, and residing on the land to be purchased; that the defendant afterwards made an agreement to purchase the lands for about the sum of $400; the payment therefor to be made in amounts, and at times of which the plaintiff has no knowledge or information sufficient to form a belief. In accordance

with the agreement, the plaintiff made payments to the defendant, to be by him applied on the purchase. In the spring of the year 1853 the defendant wrote to the plaintiff for money to pay and apply on the purchase, and the plaintiff immediately forwarded by mail the sum of one hundred dollars, in accordance with the request of the defendant, which sum the defendant received, and applied on the purchase of the land ; that about the same time the defendant applied a horse, the property of the plaintiff, of the value of one hundred dollars, to satisfy the sum of one hundred dollars on the payments; that in the month of August, 1853, the plaintiff paid to the defendant, and the defendant applied also on the payments the further sum of fifty dollars, and that in the year 1854 the plaintiff paid the defendant the further sum of forty-seven dollars, which sum the defendant applied also on the payments for the lands; that previously, and in the month of August, 1853, the plaintiff, with the knowledge and at the request of the defendant, and in accordance with and by virtue of the purchase, took possession of and held and used the lands as the owner and purchaser thereof; built a house thereon, improved a part of the same by breaking and fencing thereof; has resided thereon with his family, and has had full and complete possession of every part thereof, ever since, except that the defendant has wrongfully, unlawfully and forcibly dispossessed the plaintiff of a part within the past year; that the defendant, without the knowledge or consent of the plaintiff, has obtained a deed for the lands from Newcomb, in his own name, paying the balance of the purchase money therefor, if any there was over and above the amounts by the plaintiff advanced to the defendant and by him paid thereon ; that the defendant made the payment without notifying the plaintiff of the time or amount; that the deed of conveyance was by the defendant put upon record in the office of the register of deeds of Dane county, Wisconsin; that by the deed and the record thereof, the title of record to the lands was vested in the defendant, and still remains so vested in him ; that on the twentieth day of February, 1857, the payment so made by the defendant over and above the amounts advanced by the plaintiff, with interest thereon, did not exceed the sum of three hundred dollars; that on the day last aforesaid, the plaintiff tendered and offered the defendant the sum of three hundred dollars in American gold coin, in payment of the sum so by the defendant advanced,

and interest thereon; and also at the same time, the plaintiff presented and offered to the defendant a quit claim deed for conveying the lands to the plaintiff, and requested the defendant to sign and execute the same, but the defendant refused to receive the sum tendered, or to execute the deed, and still does so refuse; and the plaintiff then averred readiness to pay the amount due, and brought $300 into court; that the purchase of the lands was to be and was made by the defendant, at the request of the plaintiff as his agent, and that there was a distinct agreement between the parties that the title to the lands was to become vested in the plaintiff and not in the defendant, when full payment should be made; that the money advanced by the defendant was advanced and was received by Newcomb, for the use of the plaintiff, and on his account; that the obtaining of the deed in the name of the defendant, was without the knowledge or consent of the plaintiff, and contrary to the express agreement between the parties hereto.

Wherefore, the plaintiff prays that the defendant may be adjudged to convey the lands to the plaintiff by a good and sufficient conveyance, &c.

The answer of the defendant set forth in substance: 1. He denies that on the first day of March, 1853, or at any other time, it was agreed between him and the plaintiff, that the defendant should purchase for the plaintiff the lands in the complaint described. 2. He admits that he purchased the lands of Newcomb on the 27th day of July, 1852, not for or on behalf of the plaintiff, but for his own proper use and benefit. 3. He admits the receipt of money at divers times from the plaintiff, but denies that the money, or any part thereof, was received for the purpose of being applied as alleged in the complaint; also, admits the receipt of a horse from plaintiff, but denies that its value was to be applied as in the complaint alleged. 4. Admits that plaintiff took possession at the time in complaint stated of a portion, but only a portion, of the lands, but he denies that such possession was or is any other than that of tenant under this defendant; further, admits that he has obtained a deed of the lands in his own name, and has paid the purchase money for the same, as he had a just and lawful right to do, but whether with or without the knowledge of the plaintiff he knows not; and, further, he denies that by any agreement whatever the title was to be vested in the plaintiff, or any moneys received were

to be applied on the purchase for the benefit of plaintiff, and also denies that any moneys paid to Newcomb were paid, or by Newcomb received for the use or on the account of the plaintiff.

The testimony in this case as printed is very lengthy, but as it is rejected by this court will not be noticed. The find-ing of the facts and judgment of the circuit court sustains the averments of the complaint, and was dated the 13th of July, 1858. From that judgment the defendant appealed to this court. He also procured a certificate of the judge who tried the case, but who at the date of the order was out of office, as follows:

I certify that the foregoing are copies of the complaint, answer, evidence, produced in court in the form of deposi-tions, finding and judgment in the case of James Davidson, plaintiff, against Robert Davidson, defendant, in the circuit court for Dane county.

A. L. COLLINS,

May 31, 1859.                    Late Circuit Judge.

*Smith, Keyes & Gay,* for the appellant.

*Wakeley & Tenney,* for the respondent, objected that the finding and decision of the court below could not be reviewed in this court; because there was no bill of exceptions taken to the decision ; and, therefore, the evidence is not before the court.

*By the Court* COLE, J. We do not find in the return made by the clerk of the circuit court any bill of exceptions or case embracing the testimony, which was used upon the trial of this cause, and we, therefore, can only consider such errors as are apparent upon the record. In looking into the record we do not discover any error; the finding of the court upon the facts supports the judgment; and we must presume the finding of the court was warranted by the evidence pro-duced on the trial. If the appellant had desired this court to review the testimony, to see if it supported the conclusions of the court below upon the facts, a case should have been

Davidson vs. Davidson.

prepared and settled or a bill of exceptions, embracing the testimony, as required by the rules. . The judgment was entered in July, 1858; and we find at the end of a printed case, purporting to contain the evidence used upon the trial, a certificate of the late circuit judge of the 9th circuit, bearing date the 31st of May, 1859, certifying that such printed case contains copies of the complaint, answer and evidence produced in court, in the form of depositions, &c., but no such testimony is sent up with the return of the clerk, and it is not pretended that any case was made or bill of exceptions prepared embracing the testimony within the time prescribed by the code and the rules of court. The respondent insists that because there is no bill of exceptions, or case, that the evidence is not before this court for review; and we think this position well taken. The appellant probably fell into an error by not considering the change in the practice introduced by the code. Formerly, in equity cases, the party obtaining the decree in the court below was compelled to have the evidence preserved and returned to this court, properly authenticated, which supported the decree; but, now, the party appealing must preserve the evidence by incorporating it in a bill of exceptions, or case, settled within the time prescribed, with such exceptions as were taken during the trial; otherwise the evidence cannot be received.

The judgment of the court below is affirmed.