## PFEIL vs. HARBOLDT.

### APPEAL FROM COUNTY COURT, OZAUKEE COUNTY.

Heard January 13, 1860.]                          [Decided February 14, 1860.

### *Appeal—Certiorari—Justice of the Peace.*

If, upon an appeal from a justice of the peace to the circuit court, in a cause in which a new trial cannot be had on the facts, the return of the justice does not contain the evidence, the judgment of the circuit court will be affirmed by the supreme court.

In cases tried before a justice of the peace, where the judgment is less than $15, and appealed to the circuit court, the return of the justice should set forth, *fully and correctly,* all the material evidence given upon the trial before him, and his various rulings in the cause, conforming substantially to a return to a writ of certiorari under the old practice; and in such cases the circuit court passes upon the questions of law arising upon the return.

The supreme court will not grant a rule, for a further return to be made by a justice of the peace, where the return is defective.

The facts of this case are sufficiently stated in the opinion of the court, for an understanding of the points decided; and

as the points made by the counsel in the argument of the case, are left undecided, they are omitted.

*E. S. Turner,* for the appellant.

*F. W. Horn* and *Palmer & Stark,* for the respondent.

*By the Court,* Cole, J.    This action was commenced before a justice of the peace.  A jury trial was had, and a verdict rendered in favor of Pfeil ; upon which judgment was entered for $10 and· costs.  The case was appealed to the circuit court, by Harboldt, and the judgment of the justice was reversed.   From this latter judgment Pfeil now appeals to this court.

Upon looking into the record, we find a return made by the justice, to the circuit court, which consists principally of a transcript of docket entries made in the suit.   It embraces no testimony, but clearly shows that a number of witnesses were sworn upon the trial.   A written complaint also appears among the papers, and an answer, from which we learn that the subject of controversy was about some manure, alleged to have been wrongfully taken and converted by Harboldt. But what evidence was given on the trial, or what were the real merits of the case, it is impossible to determine.  No other course remains, but to affirm the judgment of the circuit court.

It may be proper to add one word in reference to a motion made in the cause for a further return.   This motion we have denied, for the reason that we could not see that it would be of any advantage to the appellant to grant it.   In cases of this character, where there can be no new trial in the circuit court, the return of the justice should set forth fully and correctly all the material evidence given upon the trial before him, and his various rulings in the cause.   This is the plain requirement of the statute, and cannot be disregarded.

See sections 212, 217, and 218, chap. 120, R. S.  It is evident that this return should conform substantially to a return by a justice to a writ of certiorari under the old practice.  It was undoubtedly intended to be a substitute for that practice, and the circuit court passes upon the questions of law arising upon this return, as it would upon a return made to a writ of certiorari.  This return is annexed to the judgment roll, and becomes a part of the record.  Now, the return of the justice in this case contains no testimony, and the circuit court may have reversed the judgment of the justice, upon the ground that there was no evidence to support it.  The justice, in his return, refers to " testimony on file ;" but what that testimony can be, or how it could be considered, unless embraced in and made a part of the return, we cannot imagine. We therefore denied the motion.

The judgment of the circuit court is affirmed.