## RISTO VS. HARRIS and another.

Under ch. 123, R. S., the application for a change in the place of trial of an action on account of the prejudice of the judge, need not be in the form of a petition.

Plaintiff having filed in open court an *affidavit* that he verily believed the judge of the court in which his action was commenced was prejudiced against him so that he could not receive a fair trial in the action, and having thereupon, without previous notice to the defendants, *moved* the court for an order changing the place of trial, it was not irregular to grant the application thus made.

The complaint alleged that the defendants, on &c., were partners in gold digging at Pike's Peak, Colorado Territory, under the name of H. & W.; that one K. was their agent in such business; that plaintiff, at the request of said defendants, worked for them in said territory in their said business, for a certain specified time; that on the last day of said term, plaintiff accounted with K. as defendant's agent, who was by them authorized, and there was found due from defendants to plaintiff, for said work, a certain sum; that K. thereupon, as such agent, and for defendants, executed to plaintiff a note for the amount so found due; that defendants had promised to pay said note, but although the same became due before the commencement of this action, yet, &c. The answer denied that defendants were partners at the time of the execution of said note, and denied that they executed said note, or that K. had any authority to execute notes in their name and behalf, or in the name of H. & W. *Held*, that the answer did not deny the indebtedness of the defendants, as alleged in the complaint, for labor done for them by the plaintiff, and the court below did not err in rendering judgment for the plaintiff on the pleadings.

APPEAL from the County Court of *Milwaukee* County.

This action was commenced in the circuit court of said county in 1861. The complaint alleges that the defendants, at the time hereinafter mentioned, were partners in the business of gold digging at Pike's Peak, Colorado Territory, under the style of *Harris & Wheeler*; that one Kimball was the agent of the defendant in said business, and then and there acted as

such ; that the plaintiff, at the request of defendants, worked for them in said territory in their said business, from November, 1860, to July 27, 1861; that on the day last mentioned the plaintiff accounted with said Kimball, as the agent of the defendants, who was by them authorized, and there was then and there found due from the defendants to the plaintiff, for said work, $255.62 ; that Kimball thereupon, as such agent and for said defendants, executed to the plaintiff a note, at sixty days, for the amount so found due (a copy of which note is given, and is signed "HARRIS & WHEELER, G. R. Kimball, Sec'y"); that the defendants have promised to pay said note to the plaintiff, but although said note became due and payable before the commencement of this action, yet the defendants have not paid the same nor any part thereof; that plaintiff is now the lawful owner and holder of said note, and defendants are justly indebted to him thereon in the sum of $255.62, with interest from September 28th, 1861, for which judgment is demanded.

The defendant *Harris* answered denying that the defendants were partners at the time of the execution of the note described in the complaint; and denying also that said defendants executed said note, or that said Kimball had any authority to execute and deliver notes in the name or in behalf of said defendants. The answer of the defendant *Wheeler* was similar to the above, except that it did not deny the alleged co-partnership. *Harris* afterwards filed an affidavit denying the partnership. On the 28th of December, 1863, the plaintiff's counsel, in open court, filed an affidavit of the plaintiff, which states that the affiant "verily believes the judge of this court is prejudiced against him, so that affiant cannot receive a fair trial in this action, and he therefore prays that he may have a change of the place of trial of the action ;" and they thereupon moved the court for an order changing the place of trial. The order was granted, and the cause was sent to the county court of said county. The plaintiff there moved, "upon the plead-

ings and record in the action," for a judgment in his favor, and upon his producing in open court and surrendering the note mentioned in the complaint, his motion was granted, and judgment was entered against both defendants for the amount claimed. From this judgment the defendants appealed.

*N. C. Gridley*, for appellants :

This court decided in *Rines v. Boyd*, 7 Wis. 155, that under ch. 51, Laws of 1853, an application to change the place of trial should be upon petition duly verified, and approved of the form of the petition in that case, which accordingly became the practice of the courts of this state. In the case of *Conger v. Chamberlain*, 11 Wis., 187, this court decided that sec. 7, chap. 123, R. S. 1858, is in substance and effect the same as the prior statute, and also approved of the practice in that case, which was upon petition duly verified, and upon notice of eight days; and this decision settles the practice the same as it existed prior to the revision. If this court shall be of the opinion that the affidavit was sufficient to authorize the order, then it is contended: (1.) That sec. 7, of chap. 123, R. S. 1858, provides for an application to the court for an order. (2.) That every application to the court is a motion. R. S., chap. 140, sec. 29. (3.) That every motion must be upon notice of not less than eight days. R. S., chap. 140, sec. 30. The record in this case does not show that a notice of motion to change the place of trial was served, and in fact no such notice was served. The application or motion was strictly *ex parte*. 2. The court erred in awarding judgment to the plaintiff on the pleadings. The action is strictly upon the note, and the only allegation of the indebtedness of the defendants in the complaint, is, that they are justly indebted to the plaintiff "thereupon," i. e. upon the note; and there is no allegation that the defendents are indebted on account of the plaintiff's labor, or upon the account stated, or that they have not paid, or have refused to pay, on account thereof.

*Smith & Salomon*, for respondent, contended, among other

things, that the answer was clearly insufficient and frivolous. The defendants, in their answers, admit the allegation of the complaint as to work and labor done by the plaintiff for them at their request; that afterwards plaintiff accounted with Kimball, an agent authorized by them; that the sum mentioned in the complaint was found due him from them on such accounting; that Kimball thereupon delivered to him a note for that sum, signed in the name of the defendants by himself; that defendants promised to pay the note, and have not done so. The county court did not err in rendering the judgment appealed from. R. S., ch. 125, sec. 14, and ch. 132, sec. 28; *Mallory v. Lamphear,* 8 How. Pr. R., 491 ; *Aymar v. Chase,* 1 Code Rep. (N. S.), 141.

*By the Court,* COLE, J. It is true it was remarked in *Runals v. Brown,* 11 Wis., 185, that the previous provisions of law in regard to a change in the place of trial on account of the prejudice of the judge before whom the cause was pending, had been substantially embraced in chapter 123, R. S.; but by this language it was not intended to decide that the application must necessarily be in the form of a petition. The court was there considering the substance or nature of the proceeding, rather than the particular form in which the application was made. Our present statute says : "Whenever any party, in any civil action, pending in any court of record, shall apply for a change of the place of trial of such action, on account of the prejudice of the judge of such court, and shall verify such application by his oath or affidavit, the court shall change the place of trial of such action." Sec. 8, chap. 123, R. S. In this case the application, and the grounds upon which it was made, are in the form of an affidavit, and come up fully to the requirements of the statute. We therefore can perceive no error in the manner in which the cause was transferred to the county court.

Nor can we see that there was any error in awarding judg-

ment to the plaintiff upon the pleadings. The answers did not deny that the plaintiff performed work and labor for the defendants at their request, and that they were indebted to him therefor in the amount claimed in the complaint. The plaintiff states distinctly that he worked for them a given period, and that he had an accounting with their duly authorized agent for such services, and the agent gave a note for the amount found due in the name of and in behalf of the defendants. Now concede that the defendants were not partners in the business of gold digging, and that Kimball had no authority to execute notes for them, still if the plaintiff performed the services for them alleged in the complaint, this constituted a good cause of action. And the defendants did not deny that this cause of action existed against them, or that they were justly indebted to the plaintiff in the sum for which judgment was demanded.

From the view we have taken of the cause it becomes unnecessary to notice the preliminary questions raised on the brief of the counsel for respondent, as to the regularity of the appeal.

The judgment of the county court is affirmed.