## HOLDEN VS. KIRBY and others.

*Defendant seeking to open judgment against him, must show a good defense—Maker of note cannot defend on the ground that the transfer to plaintiff was in fraud of payee's creditors—Pleading : averment of conclusion of law.*

1. Where a cause was called in its order, and trial had and judgment rendered against defendant in his absence, the judgment may properly be set aside on his motion, upon his showing a sufficient cause for his absence, and also (by affidavit or verified answer) a good defense upon the merits.
2. The maker of a note—not being a creditor of the payee—cannot defend an action upon it by the indorsee, upon the ground that it was transferred to the plaintiff without consideration, and in fraud of the rights of the payee's creditors.
3. Nor can such maker defend on the ground that he has paid the note to the original payee since receiving notice of such transfer.
4. Where such a defense was set up, an allegation in the answer that plaintiff was not the lawful owner and holder of the note, *held* to be merely an averment of a conclusion of law.

APPEAL from the Circuit Court for *Milwaukee* county.

The plaintiff appealed from an order vacating a judgment in his favor.  The motion to vacate was based on the pleadings and an affidavit, the substance of which is stated in the opinion.

*Dean S. Kelley,* for appellant, argued, 1. That the answer does not traverse the allegations of fact in the complaint. (1.) A denial "upon information and belief," is insufficient.  Sec. 31, ch. 125, R. S.; *Therasson v. McSpedon,* 2 Hilt., 1 ; *Hackett v. Richards,* 11 Legal Obs., 315 ; 3 E. D. Smith, 13, 19, 28. (2.) A denial that the plaintiff is the lawful or true owner, is

not a denial of the facts alleged in the complaint showing him to be the lawful owner and holder of the note. *Witherspoon v. Van Dolar*, 15 How. Pr., 266; *Fleury v. Roger*, 9 id., 215; *Fosdick v. Groff*, 22 id., 158; *Flammer v. Kline*, 9 id., 216; *Brown v. Ryckman*, 12 id., 313; *Gilbert v. Covell*, 16 id., 34; *McMurray v. Gifford*, 5 id., 14; *Fleury v. Roget*, 5 Sandf., 646; *Higgins v. Rockwell*, 2 Duer, 650; *Hoxie v. Cushman*, 7 Leg. Obs., 149. 2. The judgment should not have been opened without an affidavit of merits. *Mowry v. Hill*, 11 Wis., 146. The affidavit in this case was not sufficient. (1.) It is made by the attorney instead of the defendant, without any reason shown. Voorhies' Code, 316, note (d); *Scott v. Gibbs*, 2 Johns. Cas., 116; *Geib v. Icard*, 11 Johns., 82; *Roosevelt v. Dale*, 2 Cow., 581; *Phillips v. Blagge*, 3 Johns., 141; 1 Tiff. & Smith's N. Y. Pr., 521; *Garrett v. Teller*, 22 Wend., 643; *Fitzhugh v. Truax*, 1 Hill, 644; *Calder v. Lansing*, id., 212; *Richmond v. Cowles*, 2 id., 359; *Bank of Utica v. Root*, 4 id., 535; *Johnson v. Lynch*, 15 How. Pr., 199. (2.) It is not made by a "person who knew the facts" upon which it is founded. Rules of Court, No. 17; *Brown v. Cowee*, 2 Doug. (Mich.), 432. (3.) It does not show that defendant has stated "the case," but merely that he has stated "his defense." *Burnham v. Smith*, 11 Wis., 258. (4.) The rule requires the party to swear to a "*valid* defense;" and the words "full, substantial and complete defense" are not enough. *Bank of Utica v. Root*, 1 Hill, 535.

*D. G. Rogers*, for respondent, contended that it was not necessary that the motion should be sustained by an affidavit of merits. It was based not only upon the affidavit filed, but upon the pleadings, including the verified answer. Chap. 211, Laws of 1861.

DOWNER, J. This is an appeal from an order vacating a judgment in the circuit court in favor of the appellant; and the question is, whether any good reason was shown for setting it aside.

Holden vs. Kirby and others.

It appears by the affidavit of the defendants' attorney, that the cause was tried, and judgment rendered, in his absence; but it was tried when it was reached in its order upon the caldar. We think his affidavit discloses facts sufficient to excuse him from any negligence; and if either the answer or his affidavit shows any defense to the action, the judgment was rightly set aside. The affidavit is only (so far as the affiant attempts to state any defense), that *Langworthy* had stated to the affiant, his attorney, his defense; and that, from such statements, the affiant *believed* the defendants had a defense, &c. It is not an affidavit of merits, nor does it disclose any defense.

The defendants, for a first defense in the answer, deny that the plaintiff has any interest in the note on which the suit is brought, and that he is the true owner and holder thereof; but, on the contrary allege that the claim of the plaintiff to be the holder thereof, is made solely to hinder and defraud the creditors of Tucker, the payee. The defendants also allege that they are not indebted to the plaintiff; and for a further defense allege, that since the commencement of the action they have paid Tucker (who was at the time of payment the legal owner and holder of the note), one hundred dollars in full of the same, and taken his receipt therefor; and that there is not due to Tucker or any other person, on said note, any sum whatever; and that the claim of the plaintiff to be the holder is fraudulent, made to the injury of the defendants, and to hinder and delay the creditors of Tucker; and that the transfer of the note by Tucker to the plaintiff was without consideration, and for the aforesaid purposes.

The defendants do not deny the *transfer* of the note to the plaintiff, but admit it, and set up, in avoidance of the transfer, that it was fraudulent as to Tucker's creditors, and without consideration. This is no defense; for the defendants were not creditors of Tucker, and had no more right to pay the money called for by the note to him, after notice of its transfer to the

plaintiff, than they had to any other person. The law would not permit the fraudulent indorser to recover in a suit against his fraudulent indorsee; and it certainly will not permit him to obtain through the defendants what he could not get by action. As to the defendants the transfer was good, though fraudulent as to creditors.

The denial that the plaintiff was the owner and holder, was the denial of a conclusion of law; and the allegation that Tucker, at the time of the payment to him of the hundred dollars, was the *legal* owner and holder, we can regard only as a conclusion the pleader drew from the transfer of the note to the plaintiff being fraudulent as to creditors, and without consideration. At least the allegation does not amount to a defense, so long as the answer does not show that the plaintiff ever transferred the note, or parted with the possession of it, after it was transferred and delivered to him.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded.