Smith vs. The Chicago and Northwestern Railway Co.

23  267
84   70

SMITH vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

1. An assignment made in New York to a citizen thereof by a citizen of this state, of personal property then present with the assignor, the same being made in payment of a debt, will be upheld by the courts of this state, there being nothing in it contrary to good morals or the policy of this state.

2. The thing assigned being a claim against the defendant, the assignor, having, since the assignment, only an equitable and residuary interest therein, cannot maintain an action on such claim; but it must be brought by the assignee.

APPEAL from the Circuit Court for *Rock* County.

This action was founded upon claims against the defendant and in favor of the plaintiff, which arose in 1856, and the nature of which will appear from the decision upon a former appeal herein, reported in 18 Wis. pp. 17–24, and 19 id. 326–33. The defendant answered by various allegations designed to show that it had never been liable by reason of any facts alleged in the complaint. It was shown by the evidence on the present trial, and found as a fact by the court, that on the 10th of January, 1857, plaintiff signed, sealed and delivered to one Dusenberry, an instrument in writing and under seal (set forth in *hæc verba* in the finding), which, after reciting the issue of a warrant against *Smith*, by a judge of the supreme court of New York, in proceedings by a judgment creditor of said *Smith*, founded on a judgment rendered in that state, and taken under a specified section of the Revised Statutes of that state; the arrest of *Smith* under said warrant and his appearance before said judge; and the fact that he had made and delivered to said judge "an inventory of his estate and an account of his creditors;" and that said judge was satisfied that the allegations of said judgment creditor were true; and that *Smith* had refused to apply rights in action, or some interest in corporate stocks or evidences of debt, to the payment of said judgment, for which a commitment was asked; and that *Smith*, to avoid such commitment, proposed to assign all his property and estate to an assignee appointed by said judge — proceeds to assign to said Dusenberry all the property and estate of said *Smith* of every nature and kind, and all rights of action and choses in action belonging to him. Upon all the facts found, the circuit court held that the defendant was

not, and never had been, indebted to the plaintiff by reason of any matters alleged in the complaint; and judgment was rendered for the defendant; from which the plaintiff appealed.

*Matt. H. Carpenter*, for appellant.

*A. A. Jackson*, for respondent.

DIXON, C. J.   The general principle is fully and unequivocally settled, that personal property is transferable according to the law of the country where the owner is domiciled, or where the transfer is made.   Such transfer, therefore, good by the law of the owner's domicil, or by the law of the place where made, is good everywhere, and will be respected by the tribunals of every state or country where the same may be brought in question.   To this general principle there are some exceptions.   The acts or contracts of parties, though valid where made, will not be recognized in other countries when they are contrary to good morals, or repugnant to the policy and positive institutions of the state.   Within this exception fall those decisions in which it is held that an assignment for the benefit of creditors, giving preferences, made in one state, is ineffectual to pass the property of the debtor situated in another state, as against a subsequent attachment by a creditor residing in that state.   It is considered contrary to the policy of the state to allow citizens of other states to be preferred over its own citizens.   Another exception is, where the transfer is by operation of law.   The general principle applies only to a transfer made by the owner himself.   A transfer by mere operation of law is said to have no effect upon property out of the territory of the law maker at the time the transfer is made.   It affects only such property as is within the territory. Other exceptions, not now occurring to us, may perhaps exist; but the general rule, as understood in this country, is undoubtedly as above stated.

Tested by this principle, it would seem that there can be no doubt as to the validity of the assignment made by the plaintiff to Dusenberry in the city of New York. It was a transfer by the act of the owner himself. It was made for a valuable consideration, namely, in payment of debts which the plaintiff then owed. It was valid by the law of the place where made. It was not contrary to good morals, nor repugnant to the laws or policy of this state. No question arises between the assignee and any creditor of the plaintiff in this state. It is a question of the rights of the assignee as between himself and the plaintiff. It was not an assignment of property situated in this state, but of *a chose in action*, which followed the person of the plaintiff and was with him in New York when the transfer was made. In any view, therefore, which can be taken of the question, we think the transfer was valid, and must be upheld in this state. It vested the entire legal title to the claim in controversy in the assignee, and the plaintiff cannot, therefore, sue upon it.

We are referred by counsel to the case of *Booth v. Clark*, 18 How. (U. S.) 322, as supporting the position that the rights of the assignee cannot be recognized beyond the limits of the sovereignty creating his official character. We have examined that case, and cannot understand it as the learned counsel does. The question there was, whether a receiver appointed by the court of chancery acquired such an interest in or lien upon the personal property of the debtor, *by virtue of his appointment alone*, as would enable him to sue for and recover it in a foreign judicial tribunal. It was held that he did not; but it is fairly to be inferred from the reasoning of the court in several places, that, had the receiver been invested with title by act of the debtor, even though compelled by the coercive power of the court acting upon his person, the title of the receiver would have been respected. If in this case the assignee had only such rights as

Smith vs. The Chicago and Northwestern Railway Co.

were given him by the laws of New York, without the assignment executed by the plaintiff, then the doctrine of that case would be applicable. As it is, it seems to have no especial bearing upon the question.

Something was said about the plaintiff still having an interest in the claim, and, therefore, being the proper party to sue, though the assignee might properly have joined in the action with him. The interest of the plaintiff is residuary and equitable merely. He has no legal interest in the claim, the title being vested absolutely in the assignee, who alone can bring suit upon it and control the proceedings for its collection.

*By the Court.*—Judgment affirmed.

On a motion for a rehearing, *Mr. Carpenter*, for appellant, argued, *inter alia*, that, inasmuch as the assignment to Dusenberry was not set up in the answer, the evidence concerning it was irrelevant, and, although not objected to, should have been disregarded. "A judge should not, even by consent of parties, allow an issue to be tried which the record does not properly raise." 11 Ad. & E. 665; Burnett, 180; Starkie on Ev., Notes by Sharswood, 561; 5 Wis. 143; 13 id. 75; 19 id. 199. The defendant must plead all the facts which constitute a partial or entire defense. R. S. ch. 125, § 10; *McKyring v. Bull*, 16 N. Y. 297; Van Santv. Pl. 407, and authorities there cited. 2. The assignment refers to the R. S. of New York, art. 10, title 1, ch. 5, as forming a part thereof; but that statute was not introduced in evidence, and this court will presume the New York statutes to be the same as our own. 9 Wis. 329; 12 id. 635. We have no statutes which authorize such proceedings. Without the statute to aid it, the assignment, upon its face, was void because obtained under duress.

*Mr. Jackson*, in reply, argued, that, as there was no bill of exceptions, this court could not know by which party the assignment was put in evidence, nor whether the statutes of New

York were read in evidence or not; and no objection having been taken to the evidence at the trial, none can be taken in this court. 5 Wis. 132; 10 id. 86; 11 id. 187; 14 id. 88; 15 id. 156; 16 id. 224. 2. The assignment was absolute on its face, and was executed by the respondent with his own hand, and did not need the introduction of a statute to support it.

The motion for a rehearing was denied.