TOWNSEND and another vs. PEASLEY.  (Second case.)

*Record on Appeal.*

On appeal from a justice's judgment for less than $15 damages, the cause being heard in the circuit court on the original papers and return of the justice, which must contain all the material evidence and the rulings of the justice, such return becomes a part of the record; and, on appeal to this court, it is included in the judgment roll, and no bill of exceptions is necessary to enable this court to review questions arising upon the evidence.

APPEAL from the Circuit Court for *La Fayette* County.
*Cothren & Lanyon*, for defendant, who was also appellant.
*Orton & Osborn*, for plaintiffs, who were also respondents.

COLE, J.  This action was founded upon the same contract relied on in the former suit.  It was tried before a justice, and resulted in a verdict in favor of the plaintiffs for less than $15. The defendant took an appeal to the circuit court, where the cause was tried on the return of the justice, made in conformity with section 217, ch. 120, R. S.  The question as to the right of the plaintiffs to prove the parol contract is disposed of in the previous case.  But it is objected that there is no bill of exceptions, and therefore this court can not review the case upon the merits.  We suppose no bill of exceptions was necessary in order to enable us to consider the questions arising upon the evidence.  The appeal in the circuit court had to be heard on the original papers and return of the justice, which the statute says must contain all the material evidence and rulings of the justice.  Sec. 217.  This return is annexed to and becomes a part of the judgment roll.  Sec. 218.  It is thus made part of the record, and, as a matter of course, did not require to be incorporated in a bill of exceptions.  The case of *Davidson v. Davidson*, 10 Wis., 86, was one originating and tried in the circuit court.  But see *Pfeil v. Harboldt*, 11 Wis., 9, where a case more in point will be found.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded to that court with directions to reverse the judgment of the justice.