Dole vs. Burleigh.

## DOLE V. BURLEIGH.

*1.* *PLEADING:* DENIAL: SUFFICIENCY. The answer denies each and every material allegation in the complaint "in manner and form as therein set forth." *Held:*—not a denial of the allegations of the complaint, and is clearly frivolous. *Argu:* The words "in manner and form as therein set forth," qualify the preceding language, so that the denial only refers to the manner and form in which the plaintiff has stated his cause of action, and not to the substance of the allegation in the plaintiff's complaint.

*2.* ————: UNDER THE CODE: ADMISSIONS. The object of the Code is to compel the defendant to admit every part of the plaintiff's complaint which he cannot conscientiously deny. *Held:*—that any fact sustaining the plaintiff's case admitted in one part of the answer is to be taken as true, and the plaintiff is not bound to prove it.

*3.* *FINDINGS OF FACT:* ERROR: JUDGMENT. Where a Judge, in a cause tried to the court, fails to find on all the material issues, it is such error as will invalidate any judgment rendered therein.

*4.* *PRACTICE:* ERROR OF RECORD: FIRST URGED IN SUPREME COURT. Error in rendering judgment on findings that do not dispose of all the material issues, being error of record to be ascertained from inspection, it may be first urged in the Supreme Court.

*Appeal from Clay County District Court.*

THIS is an action on a promissory note alleged in the complaint to have been executed by defendant to plaintiff April 2d, 1868. A payment was made on the note May 1st, 1872, and the complaint alleges "that since the date of said payment * * * and prior to the commencement of this suit, plaintiff has lost said note without having indorsed, disposed of or transferred the same." Judgment is asked for the amount due, upon the execution by plaintiff of an indemnity bond. The answer of defendant is in four counts. The first is in the following language: "The above named defendant, Walter A. Burleigh, for answer to the complaint of the above named plaintiff herein, says that he denies each and every material allegation thereof, in manner and form as therein set forth." The second count pleads want of consideration, and the third and fourth are, in substance, statements of counter claims, to which plaintiff replied.

Dole vs. Burleigh.

The plaintiff, subject to any objection which the defendant might thereafter make, read in evidence so much of said Dole's deposition as tended to show the execution and loss of said note, which is as follows:

Witness being examined by John B. Sanborn, Esq., says: I am the plaintiff in this cause. I reside in Washington, D. C.

*Ques.*—State whether or not you have the original note on which this action is brought?

*Ans.*—I have not.

*Ques.*—Where is it?

*Ans.*—Previous to the commencement of this action, I inclosed the original note to the National Bank of Yankton, Dakota. I wrote to the bank that if the note was not paid, it was to be handed to Mr. Pound, my attorney in this case, for collection. It is possible that I sent the note to my attorney direct, and not through the bank. I am not sure about that. I have not seen the note since. I have written to both the bank and Mr. Pound and hear from them that neither of them has received the note. I have made diligent search among my papers, and am certain that the note is not in my possession.

*Ques.*—Have you a copy of the note and indorsements?
*Ans.*—I have.

*Ques.*—Will you furnish a copy to the commissioner?
*Ans.*—I will. This is a copy:

"WASHINGTON, Apr. 2d, 1868.

Six months after date I promise to pay W. P. Dole, or order, nineteen hundred and twenty dollars, for value received.

$1,920.　　　　(Signed)　　　　W. A. BURLEIGH.

Indorsement: "May 1st, 1872, Rec'd on the within note five hundred dollars."

*Ques.*—By whom was the indorsement made on the original note?

*Ans.*—Mr. Burleigh, the defendant, made the indorsement himself.

*Ques.*—State whether or not you had ever indorsed this note in blank or otherwise?

*Ans.*—I do not remember that I have ever indorsed it. If I did, it was either to the bank or my attorney with a view to

Dole vs. Burleigh.

collection, their names being specially named in the indorsement. I know I did not indorse in blank. I never do.

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff also introduced his attorney, Wm. Pound, as a witness, who testified that he never received said note from the plaintiff, and the defendant admitted that said note was not received by the First National Bank of Yankton.

Whereupon, the plaintiff offered in evidence what purported to be a copy of said note, set forth in said. deposition, to which the defendant objected, on the ground that the evidence in relation to the loss of said note was not sufficient to authorize the introduction of secondary evidence of its contents. The court sustained the objection, and excluded the evidence, to which decision of the court the plaintiff excepted.

Here the plaintiff rested, and the defendant then introduced evidence on his part in relation to the fourth paragraph of his answer as to counter claim, as did the plaintiff in rebuttal; whereupon the court rendered the following decision:

This action being brought to trial before the court, without a jury; a jury having been waived by agreement of the parties in open court, the court finds:

1. The plaintiff, on the 28th day of March, A. D. 1865, at Washington, D. C., executed and delivered the note mentioned in the 4th paragraph of the defendant's answer herein, by which, six months after date thereof the said plaintiff promised to pay the said defendant or order one thousand dollars, for value received, and no part of the same has been paid except the sum of one hundred dollars, which was paid and indorsed thereon on the 14th day of January, 1869.

2. The balance due on said note, and the interest thereon are unpaid.

3. The defendant is the owner of the same.

And the following conclusions of law therefrom:

1. The defendant is entitled to recover of the plaintiff the amount due on said note.

2. Judgment must, therefore, be entered for the defendant to recover of the plaintiff the amount so due, it being one thousand four hundred and five (1405) dollars and his costs.     J. P. KIDDER.

March 17, 1874.     Presiding Judge.

Motion for a new trial was entered before judgment, and overruled, to which plaintiff excepted, and prosecutes his appeal to this court.

*Wm. Pound* and *J. R. Gamble*, for appellant.

Although the first three paragraphs of the answer of the defendant in the court below are inconsistent with each other,

and might have been objected to on that account, the execution and delivery of the note as declared on in the complaint are admitted in both the second and third paragraphs. And the plaintiff below should not have been required to introduce any proof whatever, unless it might have been in the way of producing the note for cancellation or accounting to some extent for its destruction or loss. And this proof need not have been so strong, by any means, as though the defendant had rested upon his general denial alone, or had in any way denied that any such obligation had ever existed.

The only necessity for accounting at all for a note like this one is based upon the reasonable security of the payor against its afterwards turning up in the hands of a *bona fide* holder who had received it before due. If transferred after due, the equities of the original parties to the contract would go with it. The note having been made payable to the order of the plaintiff below, the presumption of law was that it so remained. In aid of this presumption, the appellant offered to prove by his deposition that the note was in his possession until long after due, and that it had not been indorsed so that any other person could become its innocent holder.

Under the pleadings, therefore, and upon the failure of the defendant to show a want of consideration, judgment should have been rendered for the plaintiff for the amount claimed, subject to any set-off proven by the defendant and without any indemnity bond being required. In proposing, in his amended complaint, to give such a bond if required by the court, the plaintiff went farther than either law or equity required, unless the note had been payable to bearer, or had been indorsed in blank prior to its loss. (*Pintard v. Lackington*, 10 John., 104, S. C.; Leading Cases on Bills of Exchange, 671, and note; *Rowley v. Ball*, 3 Cowen, 303, S. C.; Leading Cases on Bills, 680; *Fales, et al. v. Russell, et al.*, 16 Pick., 315, S. C.; Leading Cases on Bills, 683, and note.) If the answer below had been a general denial alone and the plaintiff had been properly required to make out his case under that issue, the proof offered in the deposition of Mr. Dole was all that should have been asked for. Conceding

that the court must be satisfied of the loss of a note before receiving secondary evidence of its contents, still the ruling of the court on this question is subject to review, and will not be approved where it is unreasonable or arbitrary. The story told in this case by Mr. Dole as to sending the note to Yankton for collection was certainly a reasonable one, and no good could come to him from its loss or voluntary destruction. Still, although clearly believing that the note had been lost in the mail, he took the precaution to make diligent search among his papers, and then declared himself satisfied that it was not in his possession.

*G. C. Moody*, for appellee.

The question in this case is an elementary one. To entitle secondary evidence of the contents of a lost instrument to admission, the party " must prove a *bona fide* and *diligent* search has been unsuccessfully made for it in the place where it was most likely to be found." (Greenleaf Ev., Vol. 1, § 558; 2 Cowen & Hill's notes, Phil. on Ev., 441, 475, 469; *Jackson v. Betts*, 9 Cow., 220; *Dan v. Brown*, 4 Cow., 491; *Blades v. Noland*, 12 Wend., 173.) But there can be no necessity for multiplying authorities. It will not be seriously pretended that there was in this case any satisfactory proof of the loss of the note sued upon. The witness states he is not certain whether he sent the note to the bank or Mr. Pound, and does not state how he sent it, whether by mail or private hands. If by mail, whether he deposited it in the postoffice; if by private hands, who it was. He says he made diligent search among his papers, but does not say that the note was even among his papers; where they were kept, where this note was kept, nor where it would likely be if in existence.

And there are other defects certainly showing no compliance with the universal rule before quoted. Under the pleadings the plaintiff could not have recovered, even if the note had been admitted in evidence. He offered no indemnity and plead none. He should have tendered an indemnity and brought it into court. This the law in the absence of a statute required, and this our statute requires. (Civil Code, 1866,

§ 1754; *Rowley v. Ball*, 3 Cow., 303; *Kirby v. Sisson*, 2 Wend., 550; 1 Abb. Digest, 480, §§ 589, 590; *Desmond v. Rice*, 1 Hilt, 530; *Hough v. Barton*, Vt. 20, 445; *Morgan v. Reintzel*, 7 Cranch, 273; 9 Wheat., 581, 485, 486; 1 Este Pl. & Pr., 584, par. 23; Nash Pl. & Pr., 363, form; 28 Cal., 561; 2 Nev., 47; 24 Iowa, 128, and numerous cases.) Our statute makes no distinction whether the instrument is payable to bearer or order, or whether it is or is not indorsed. The right to require indemnity by a bond signed by the holder and two *sufficient* sureties is given to the maker in case of the loss of *any* negotiable instrument, and this is consistent with the Code of Procedure which authorizes and requires suit to be brought in the name of the owner and holder, whether he obtained it by indorsement and delivery or delivery alone.

BARNES, J.—The first point made by the appellant is that the court below erred in refusing to allow a copy of the alleged lost note or the contents of the note to be given in evidence. That the evidence of the loss was sufficiently established to make this evidence competent, I have no doubt. But I am entirely unable to discover that the plaintiff was prejudiced by its rejection. To properly understand this question we must advert to the pleadings.

·The complaint, it will be observed, alleges the making and delivery of the note by the defendant to the plaintiff for a valuable consideration. It also alleges the loss of the note by the plaintiff prior to the commencement of this suit, and at the time of its loss it was not indorsed by the plaintiff.

It is well here to note the fact, that every material allegation of that complaint, not denied, is admitted for all purposes connected with this suit. The logical deduction then is this: if the loss of the note is admitted, not being denied, then the evidence offered of the loss of the note and its contents was merely cumulative, and it will not seriously be insisted that the rejection of cumulative evidence, of a fact admitted upon the record, would be error.

This suggests the inquiry, does the answer controvert any material allegation of the complaint, except the want of con-

sideration for the note? If not, the plaintiff was entitled to recover without the introduction of any testimony on his part. The want of consideration being a matter of defense.

The respondent claims that the first paragraph of his answer in the words following, is a general denial of every material allegation of the plaintiff's complaint: "The above named defendant, Walter A. Burleigh, for answer to the complaint of the above named plaintiff herein, says that he denies each and every material allegation thereof in manner and form, as therein set forth." This is not a denial of the allegation in the complaint. The words, "in manner and form as therein set forth," qualify the preceding language, so that the denial only refers to the manner and form in which the plaintiff has stated his cause of action, and not to the substance of the allegations in the plaintiff's complaint. This paragraph of the answer is clearly frivolous, and would have been struck out on motion and judgment awarded to the plaintiff upon the pleadings, except that other portions of the answer and the reply present other issues.

An answer which denies that the defendant made the promise in manner and form as alleged in plaintiff's complaint, is but the assertion of a conclusion of law from certain facts. (35 Barber, 298, Tiffany's N. Y. Practice, 373.) "A general denial must be certain and positive." Tiffany then gives the following form: "The defendant denies each and every allegation of the plaintiff's complaint." (Tiffany's N. Y. Practice, 369.)

I am aware there is a conflict of authorities as to whether using the word material in the denial would make the answer frivolous. There are authorities that hold that a denial in the following form is good: "The defendant denies each and every material allegation of plaintiff's complaint." I am unable to find one decision that will uphold or sustain the form of denial used by the pleader in this case.

(12 Wisconsin, 1): A denial in the language of the complaint is not sufficient. It must be of the substance of the allegations of the complaint.

A denial of the indebtedness without denying the alleged

fact out of which the indebtedness arose, is merely a denial of a legal conclusion. (16 Howard's Term Reports, *Davidson v. Powel*, 467; 18 Wis., 400; 11 Wis., 126.) A denial in an answer in the words of the complaint is not good. It is a negative pregnant with an admission that the alleged facts may have transpired on some other day or under different circumstances. (22 Wis., 412; 21 Wis., 149; 8 Howard's Term Reports, 273.) Under the Code a party may set up as many defenses as he chooses, but he cannot. by making repugnant allegations, compel the plaintiff, in order to avoid a denial in one part of the answer, prove a fact admitted in another. The object of the Code was to compel the defendant to admit every part of the plaintiff's complaint which he could not conscientiously deny. Therefore, any fact sustaining the plaintiff's case admitted in one part of the answer is to be taken as true for all purposes in the case, and the plaintiff is not bound to prove it. In this case the answer is a general denial; second, a justification, and it is held not well pleaded. (*Howard v. Page*, 14 Wis., 49.) Viewed in the light of these authorities, there was no error in rejecting the evidence of the plaintiff of the copy of the note declared on, or its contents.

The second question presented for consideration is this: The second paragraph of defendant's answer alleges, that the note described in plaintiff's complaint was wholly without consideration, thus a material issue is presented for trial. Upon that issue the court below did not find. This is apparent from an inspection of the record.

That this was a material issue there is no question. That the court below omitted to find upon this issue was a fatal error will not be denied if that question is properly here for review. The appellant in support of his position relies upon the decision in the case of *Holt v. Van Eps*, decided at this term of court. That was an action for wrongfully detaining personal property alleged to be the property of the plaintiff.

The detention and ownership of the property were denied by the defendant. The jury found that the property was

wrongfully withheld, or that the plaintiff was entitled to the possession of the property, but did not find that the plaintiff was the owner of it. The omission to find was discoverable only from an inspection of the record. The court were unanimously of the opinion that the objection was well taken, and a new trial was ordered.

In like manner the error in this case appears from an inspection of the record, and I do not see how it could be presented in any other way. It was suggested upon the argument by appellant's counsel that the attention, of the court below should have been called to the necessity of finding upon this issue. But how could this have been done? The respondent could not have known that the court below had neglected to find upon this issue, until judgment was pronounced, and I know of no authority that would justify the court below, after pronouncing judgment, to re-open the case and make an additional finding. That would in legal effect be no less than setting aside the judgment and rendering a different one. It should be observed that there is a material difference between an omission to find upon a material issue and an erroneous finding. The error in the case of omission is ascertained from an inspection of the pleadings and the finding—in the other, from an examination of the pleadings, the finding of the court, the evidence taken upon the trial, and the rulings and decisions of the court during the progress of the trial. In the latter case, therefore, the evidence and decisions of the court must be preserved and brought before the appellate court for review, by a case made or bill of exceptions. I, therefore, come to this conclusion, that such errors as are apparent from an inspection of the record must be determined by that inspection; that such as occur upon the trial, and such as are not apparent upon the record, can only be brought before this court by a case agreed upon, or bill of exceptions. The decision of the court in the case of *Holt v. Van Eps* must control our decision in this case.

In the case of *Thurber v. Jones*, 14 Wis., 16, the Court say: "We are of the opinion that the complaint in this case is clearly insufficient to support the judgment. As there is no

Dole vs. Burleigh.

bill of exceptions of course we cannot look into what purports to be the testimony taken on the assessment of damages. We can only examine and pass upon the errors apparent upon the record. This we have done and find that the complaint does not state facts sufficient to support the judgment."

In the case of *Davidson v. Davidson*, 10 Wis., 86, the Court say: " We do not find in the return made by the clerk of the circuit court any bill of exceptions or case embracing the testimony used upon the trial. And we, therefore, can only consider such errors as are apparent upon the record."

The Court say in 5 Wis., 132: " There being no bill of exceptions in this case we can only notice such errors as appear upon the record."

The counsel for the plaintiff in error contends that the proof in the court below was defective or insufficient to warrant the finding of the court. If the objections had been properly taken and incorporated in a bill of exceptions, we might have considered them. But now it is otherwise.

The judgment of the court below is reversed and a new trial ordered, and the case remanded for further proceedings according to law. All the Judges concurring.