Stilson vs. Rankin, imp.   Morris and another vs. Rankin, imp.

40   527
93   193

40   527
101   550

## STILSON VS. RANKIN, imp.   MORRIS and another vs. RANKIN, imp.

VACATING JUDGMENT, *at same term: what grounds must be shown, and how.*

1. A judgment following upon trial of a cause in its order upon the calendar, and free from all irregularity, should not be disturbed *even at the same term*, unless the party complaining of it show reasonable excuse for his failure to resist it, and reasonable presumption that it does him injustice.
2. An affidavit of an attorney that from defendant's statement of the case to him, he believes that defendant has a good and substantial defense upon the merits, is not a sufficient affidavit of merits. And such an affidavit, with an answer wholly upon information and belief, verified by the defendant in person, is not sufficient ground for vacating a judgment regularly entered.
3. It appears that the respondent and a codefendant relied on a postponement of the trial, either by a continuance or a change of venue (both which were denied without error here alleged), and that *for this purpose* respondent was fully represented by his codefendant's attorney when the cause was reached for trial (though both of his own attorneys were absent). *Held*, that these facts do not establish a case of surprise, mistake or excusable neglect, or justify a disturbance of the judgment.

APPEAL from the Circuit Court for *Fond du Lac* County. The action first above named was for the foreclosure of a mortgage, and the complaint was in the usual form, duly verified. *Rankin* and Edgerton, judgment creditors of the mortgagor, served separate verified answers to the complaint, on information and belief. The other defendants made default. On July 6, 1876, judgment was rendered for the plaintiff against all the defendants. On the 17th of July, at the same term, application was made upon affidavits to set aside the judgment. The affidavit of James Coleman, one of *Rankin's* attorneys, stated, in substance, that the action had been but once continued on the application of the defendants; that on June 23d, 1876, affiant was duly served with a subpœna to testify before a committee of the house of representatives on the 29th of said month; that he was not discharged from such

attendance until July 1st, when he was taken sick at Washington, and detained until July 11th; that he had had the exclusive charge of the defense in the action, and his partner had given the case no attention whatever; that on the 5th of July, he sent a telegram to DeW. C. Priest, an attorney of said court, informing him of affiant's illness, and on the same day sent the certificate of a physician to the effect that affiant was unable to travel.   This certificate was attached to the affidavit. The portion constituting the affidavit of merits was as follows: "That from the statement of the case in this action made to deponent by defendant, deponent verily believes said defendant *E. Rankin* has a good and substantial defense upon the merits to the cause of action set forth in the plaintiff's complaint." Upon the hearing of the order to show cause, the plaintiff presented to the court his petition praying for a commission to examine James Coleman, DeW. C. Priest and Thomas Spence as hostile witnesses; representing in such petition that the defendant had made no preparation for trial, but that he had intended to obtain a second continuance through the medium of an affidavit of the prejudice of the court.   From the testimony of these witnesses, and from affidavits on the part of the plaintiff, it appeared that Mr. Spence, the partner of Mr. Coleman, left the state to go to the Centennial Exposition, June 27th, 1876, and returned July 8th, to attend to a suit in justice's court, and also with the intention of looking after this suit: not to try it, not being familiar with it, but to look after it in case Mr. Coleman was detained; that Mr. Priest, who was attorney for Edgerton, appeared when the case was called, for the purpose of obtaining a continuance for *Rankin;* that the affidavit of prejudice was dated June 24th, and was sworn to by *Rankin* at Fort Atkinson, his place of residence; that no subpœnas had been issued on the part of any of the defendants, and that they all lived in the town where the action was tried, except *Rankin;* that Mr. Spence, one of *Rankin's* attorneys, had said, after his return, that this

AUGUST TERM, 1876. 529

Stilson vs. Rankin, imp. Morris and another vs. Rankin, imp

case had been left with Mr. Priest to take care of, and that Mr. Priest was provided with an affidavit to change the venue, which he had not used. The affidavit for change of venue could not be found, on the hearing of the order to show cause; and the evidence did not show who had prepared the affidavit, although the witnesses were questioned on that point. From an order granting the motion and opening the default, this appeal was taken.

The cause was submitted by both sides on briefs.

*Edward S. Bragg*, for appellant, contended, 1. That the evidence showed conclusively that the sole object of defendants and their attorneys was delay, and that they did not intend to come to a trial. 2. That there was no sufficient affidavit of merits. Rule 17, Rules of 1849 and 1857. 3. That mere sickness of counsel is not an excuse for continuance, especially where other competent counsel are engaged. *Post v. Wright*, 1 Caines, 111; *McKay v. Insurance Co.*, 2 id., 384. *Rankin* should have shown that he was ready, or would have been ready but for the illness or absence of his counsel, or else that he was in condition to make the affidavit for a second continuance. 4. That it has been held that one defendant cannot obtain a new trial on his own motion without notice to his codefendant. 3 Wait's Pr., 400, and cases cited.

*Coleman & Spence*, for respondent:

1. The affidavit on which the order was heard contained a sufficient affidavit of merits; moreover, the answer was sworn to, and showed a complete defense to the action, and in such case no affidavit of merits is required. *Town of Omro v. Ward*, 19 Wis., 232; *Holden v. Kirby*, 21 id., 149. 2. There was such a case of excusable neglect shown as to entitle the respondent to the relief prayed for, especially as the judgment was opened at the same term at which it was taken, and a trial could then have been had if plaintiff had asked it. Tay. Stats., ch. 125, § 42; *Johnson v. Eldred*, 13 Wis., 482; *Town of Omro v. Ward*, 19 id., 232; *Holden v.*

*Kirby*, 21 id., 149; *Kennedy v. Waugh*, 23 id., 468; *Stoppel-feldt v. R. R. Co.*, 29 id., 688.

RYAN, C. J.   The respondent and one of his codefendants severally answered the complaint, each claiming to be a judgment creditor of the mortgagor, and each impeaching the consideration of the mortgage on like grounds, upon information and belief.   Neither of them made any affidavit of merits, on the motion to vacate the judgment; nor any one for them, except one of the respondent's attorneys.   This gentleman states in his affidavit, that, from the respondent's statement of the case to him, he believes that the respondent has a good and substantial defense upon the merits.   This is not a sufficient affidavit of merits.   *Holden v. Kirby*, 21 Wis., 149.   It says very little, if anything, more than that the attorney drew and filed the answer in good faith, on the instructions of his client. The verification of the respondent's answer states only his belief in the defense; neither the verification nor the affidavit assumes to state any fact; and the affidavit may well signify only that the attorney believes to be good in law the defense which his client believes to be true in fact.   Something more substantial is necessary by way of affidavit of merits, to disturb a judgment regularly entered.

The respondent and his codefendant were respectively represented by two firms of attorneys.   One of the respondent's attorneys was called out of the state as a witness, and was detained by sickness until after the judgment had been rendered. This is undoubtedly a sufficient excuse for his personal failure to appear on the trial.   During his absence, the cause being noticed for trial on both sides, his partner left the state upon a journey of pleasure, and remained out of the state until after the trial.   It is true that the former of these gentlemen had the principal charge of the respondent's case.   But assuming the respondent to have had a good defense, the voluntary absence of the latter of these gentlemen, while his partner was

away, would have been gross negligence, if the respondent's case had not been left in charge of some one else.

And so it appears that one of the attorneys of the respondent's codefendant, when the cause was called for trial, presented the respondent's affidavit for continuance, and moved a continuance upon it. This motion being overruled, the same gentleman proposed to file the respondent's affidavit of the prejudice of the judge, then in his possession, though not in court; for which the court declined to wait, upon the ground that such an affidavit of one defendant, separately defending, would be insufficient to change the place of trial. *Rupp v. Swineford, ante*, p. 28.

Neither defendant had issued any subpœna or made other preparation looking towards a trial. And it is difficult to avoid the double conclusion, that the respondent and his codefendant relied on a postponement of the trial, either by continuance or by change of venue; and that, for this purpose, the respondent was fully represented by his codefendant's attorney when the cause was reached for trial.

The facts do not appear to us to establish a case of surprise, mistake or excusable neglect for the respondent. And they impress us with the belief that the *ex parte* trial and judgment deprived him rather of an opportunity to postpone the trial and judgment, than of the opportunity of making a valid and meritorious defense. The motion was made within the term of judgment. And the court below, therefore, retained large discretionary power over the judgment. *R. v. R.*, 20 Wis., 331. But we cannot think the respondent's application showed sufficient grounds for the exercise of that power. *Burnham v. Smith*, 11 Wis., 258; *Omro v. Ward*, 19 id., 232. And we cannot hold that a judgment, following upon trial of a cause in its order upon the calendar, and free from all irregularity, should be disturbed, even at the same term, unless the party complaining of it show reasonable excuse for his failure to resist it, and reasonable presumption that it does

him substantial injustice. Had the order vacating the judgment provided for immediate trial of the issue, at the election of the appellant, we might have hesitated to reverse it. But the respondent appears to have gained by it just what he had failed to accomplish by his affidavit for continuance and his affidavit of prejudice. And we cannot hold that the appellant's right should be postponed by such diverse and pertinacious efforts at delay, without a far stronger showing of meritorious defense. The indulgence of the court below to the respondent, after his affidavit of prejudice, suggests grave comment upon the abuse of such affidavits, and the recklessness with which judicial prejudice is imputed.

We make this decision with the less doubt, because we think that the order denying respondent's motion should give him leave, if he can, to make a more satisfactory application to vacate the judgment under sec. 38, ch. 125, R. S.

*By the Court.* — The order of the court below is reversed, and the cause remanded with directions to deny the motion to vacate the judgment.

### OPINION IN THE SECOND CASE.

COLE, J. The questions arising on this appeal are quite similar to those involved in *Stilson v. Rankin,* decided at the present term. In accordance with the decision there made, the order setting aside the judgment must be reversed. There are some facts appearing in the affidavit used in opposition to the motion to set aside the judgment, which rendered the application less meritorious than in the Stilson case; but we do not deem it necessary to dwell upon them. We hold that the judgment was improperly set aside, and our reasons for this conclusion are fully given in the other case.

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.