| 14 | 49 |
| 95 | 595 |

## HARTWELL vs. PAGE and others.

Under the Code, a defendant may set up as many different defenses as he pleases, but he cannot, by making repugnant allegations, compel the plaintiff, in order to avoid a denial in one part of the answer, to prove a fact expressly admitted in another part.

The object of the Code was to compel the defendant to admit every part of the plaintiff's claim which he could not conscientiously deny. Therefore any fact sustaining the plaintiff's case expressly admitted in one part of the answer, is to be taken as true for all purposes in the case, and the plaintiff is not bound to prove it.

A judgment will not be reversed for the refusal of an instruction, which, though abstractly correct, is not justified by any evidence in the case.

January Term,
1861.

HARTWELL
v.
PAGE et al.

APPEAL from the Circuit Court for *Milwaukee* County.

Action against a sheriff and his deputies for an un-lawful taking of the plaintiff's goods. Answer, 1st. A general denial. 2d. A justification under a writ of attachment in favor of one Woodward against the property of one King, alleging that at the time of the taking, the goods were the property of King, and were claimed by *Hart-well* under a pretended sale from King, which was fraudu-lent as to creditors. The answer was verified. On the trial, the plaintiff proved the taking of the goods by the defend-ants on the 5th of May, 1858, and their value, and gave evi-dence tending to show that the store from which the goods were taken was at the time in his possession. The defend-ants, after showing that the writ of attachment was duly issued, &c., gave proof tending to show that about the 29th of March, 1858, fifteen boxes of goods of the description mentioned in the complaint came to Milwaukee directed to Wm. A. King, agent; that the boxes were taken to the store occupied by the plaintiff, who was a brother-in-law of King, and had a stock of goods in the same room; that while the boxes were being unpacked and the goods placed upon va-cant shelves in the store, they were seized upon an attach-ment against King in favor of Woodward, in the presence of *Hartwell*, who made no claim to them; that the goods re-mained in the sheriff's hands until the 5th of April, 1858, when King obtained an order dissolving the attachment, and they were redelivered to him; that the goods were then placed in the store again, and King was engaged there in selling goods of the same description at the time the sec-ond attachment against him in favor of Woodward was lev-ied. The defendants read in evidence also an affidavit made by King on the 30th of March, 1858, and used on the mo-tion to dissolve the first attachment, stating that he had come to Milwaukee with intention to reside there, and that for the purpose of selling, as the *agent* of one Lewis, the goods at-tached in that action, he had hired of *Hartwell* one half of his store, and was engaged in opening the goods at the time they were attached. The defendants read also the affidavit of *Hartwell*, used on the same motion, stating that all the

material facts alleged in King's affidavit as having occurred <span style="float:right">January Term, 1861.</span> after his arrival at Milwaukee, were true.

The court, at the request of the plaintiff, charged the jury that they must find for the plaintiff if they found that the goods were taken from his possession as charged in the complaint, unless they should find that the goods were, as regards the creditors of King, at the time of the taking, King's property; that the defense of fraud must be proved; and that if the evidence showed that King held the goods only as an agent of some other person, it was not incumbent upon the plaintiff to show who that person was. The court also charged the jury, at the request of the defendants, that before they could find for the plaintiff, they must find that he was the owner of the goods. The defendants asked the court to charge the jury "that if they believed from the evidence that King, about the 26th of March, 1858, hired of the plaintiff one half of his store for the purpose of selling and disposing of a stock of paper hangings and paper, contained in fifteen boxes brought by him to Milwaukee at that time, and that said stock was placed in said store, and that said King was from that time till the 5th of May there engaged in disposing of the same, these facts would rebut the *prima facie* case made by the plaintiff." This instruction and another one which is recited in the opinion of the court, the circuit judge refused, and the defendants excepted. Verdict and judgment for the plaintiff.

*Cary & Pratt*, for appellants, insisted that the facts show that King was in possession of one half of the store, engaged in disposing of the goods brought by him to Milwaukee, at the time of levying the second attachment, and thus rebut the *prima facie* case of the plaintiff arising from his supposed possession; and that the court therefore erred in refusing the instruction asked on that point by the defendants, and erred also in the instructions given at the request of the plaintiff.

*Carpenter & Gridley*, for respondent.

*By the Court*, PAINE, J. We think the rulings of the <span style="float:right">May 15.</span> court below in respect to the possession of the plaintiff,

HARTWELL<br>v.<br>PAGE et al.

January Term,
1861.

HARTWELL
v.
PAGE et al.

whether right or wrong, may, upon these pleadings, be regarded as immaterial. The answer specifically admits that the goods in question had been sold by King to the plaintiff, and seeks to avoid the sale by alleging that it was fraudulent. It is true it first contains a general denial of the allegations in the complaint. But we have several times decided that although under the Code a defendant may set up as many different defenses as he pleases, yet he cannot, by making repugnant allegations, compel the plaintiff, in order to avoid a denial in one part of the answer, to prove any fact specifically admitted in another part. The provision requiring a verification of the pleadings shows that it was not the design to allow repugnant allegations, but to introduce the element of truth in pleading, and compel the defendant to admit such parts of the plaintiff's case as he could not conscientiously deny. If a fact sustaining the plaintiff's right is expressly admitted in any part of the answer, that fact is to be taken as true against the defendant, and the plaintiff is relieved from the necessity of proving it, just as he would have been as to any fact admitted in an answer in chancery. The answer here having admitted the sale from King to the plaintiff, the plaintiff was entitled to judgment unless the defendants established fraud in the sale.

We see no error in the rulings of the court. The question of fraud was fairly submitted to the jury. It is true that one of the instructions asked for by the defendants' counsel, which is abstractly correct, was refused. But we think there was no evidence to render it applicable. The instruction asked was, " that if the jury believed from the evidence that the said King had a stock of goods in said store, and that he and said plaintiff had mixed and commingled their said stock so that said defendants could not distinguish said plaintiff's goods, and that said plaintiff, when requested by said defendants, would not separate his said goods from said King's, or point out the goods of said King so that said attachment could be levied thereon, then said defendants were justified in levying said attachment on the goods so mixed and commingled, and the defendants were entitled to their verdict." This, as an abstract propo-

sition, is correct. But there was no evidence tending to show

that a part of the goods levied on were those which the plaintiff had bought of King, and another part those which he had previously. If there had been any such evidence the plaintiff might have claimed that he was entitled to a verdict, even though the jury should have found the sale fraudulent and the goods bought of King subject to the attachment. If there had been any such pretense on the part of the plaintiff, or any evidence making any distinction between the goods attached, with respect to the point whether they had been acquired from King, then the instruction asked for by the defendants' counsel should have been given. On the contrary, the only evidence offered on the subject was, that the officer called in an expert, and that he selected the goods which had belonged to King, and that these only were attached. The plaintiff did not, after that, offer any evidence to show that by mistake they had included goods which he previously had, but the case seems to have been tried on the theory that the goods attached were those acquired of King, and that if any part of them was subject to the attachment, then they all were. The instructions asked by the plaintiff's counsel clearly imply that if the jury found fraud in the sale, they must find for the defendants. And the verdict of the jury being for the full value of all the goods attached, negatives the idea that there was any fraud, or that there was any question as to a part of the goods attached being subject to attachment and the balance not. Upon this state of the case we think the instruction was not justified by any evidence, and that the court fairly submitted the only question presented by the pleadings, which was, whether the sale from King to the plaintiff was fraudulent. That being so, the judgment will not be reversed for the refusal of a correct instruction inapplicable to the evidence.

The judgment is affirmed, with costs.