## OSBORN v. CLOUD.

1. **Jurisdiction:** OVER ATTACHED PROPERTY : LEVY AFTER RETURN DAY. The levy of an attachment after the return day of the writ, and after it has been before returned as to other property levied upon, and default has been entered against the defendant, who is a non-resident, and served by publication only, is unauthorized and void, and gives no jurisdiction to the court to enter judgment against or order the sale of such property ; and a sale thereof, so ordered, will be set aside on motion of the defendant.

2. —— VOID SALE : TENDER TO PURCHASER UNNECESSARY. A sale of attached property under a judgment or order which is void for want

of jurisdiction in the court to make it, may be set aside by the defendant without his first tendering to the purchaser the amount of his bid.

3. —— FAILURE TO APPEAL: MOTION. When attached property has been sold under a judgment or order therefor, which the court had no jurisdiction to render, the attachment defendant is not bound, in order to save his rights, to appeal from such judgment, but he may have the same set aside upon motion therefor.

4. Abatement: PENDENCY OF ANOTHER ACTION. The fact that there is another action pending in which the present plaintiff and defendant are both made defendants, and in which the present plaintiff might, by cross petition, obtain against defendant the relief he now seeks, will not abate the suit.

5. Judgment: CANNOT BE LEVIED UPON AND SOLD. A judgment cannot be levied upon and sold under execution or attachment, the same as other property. Garnishment of the judgment debtor is the proper course to be pursued, instead of levying upon the judgment.

*Appeal from Polk District Court.*

WEDNESDAY, JULY 31.

JURISDICTION OVER ATTACHED PROPERTY: SALE OF JUDGMENTS ON EXECUTION. — Osborn and Hubbell appeal from an order of the District Court setting aside, on defendant's motion, the levy and sale of a certain judgment held by defendant Cloud against one McTighe. The facts necessary to make clear the points ruled, are these: Osborn commenced a suit by attachment in the Polk District Court against Cloud, who was alleged to be, and was, a *non-resident* of Iowa, and a resident of North Carolina. Service was made by *publication alone.* A writ of attachment was issued against Cloud's property returnable on the *first day* of the January Term, 1865.

This was levied in proper time upon certain lots in Des Moines. The first day of the January Term, 1865, was January 9. The District Court found that " the

writ of attachment was returnable on the first day of the January Term, 1865 ; that default was entered against Cloud on the second day of the term, being the 10th day of the month, and that, afterward, the sheriff made and indorsed on the said writ of attachment, on the 11th day of the same month, being the third day of the term, that he had levied said attachment on said judgment against McTighe ; " the same being a judgment for $526, in the Polk District Court, previously recovered by Cloud against McTighe, and remaining on the records of the court unsatisfied.

On the 12th day of January, Osborn had his judgment entered up against Cloud, and the court ordered the sale on special execution of the attached property including the judgment against McTighe. This judgment was afterward sold on special execution, to Hubbell, for the sum of fifty dollars. Cloud afterward moved to set aside the levy on and sale of the McTighe judgment. This motion was sustained, and the Supreme Court reversed the ruling of the District Court, because Hubbell, the purchaser, was not a party to the proceeding. (See *Osborn* v. *Cloud*, 21 Iowa, 238.)

The cause was remanded ;. Hubbell was made a party, and the court again, on defendant's motion, set aside the levy and sale. The District Court assigned for its decision the following grounds : " The court is of opinion that the alleged levy by the sheriff on said judgment against McTighe, after the return day of the attachment, and after it had been returned, and the defendant entered as in default, was without any authority of law, and wholly void, and gave this court no jurisdiction to order said judgment to be sold. The order of sale being void, the execution gave no authority to sell said judgment, and the purchaser, F. M. Hubbell, by virtue of said sale, acquired no lawful right to control said judgment. It

is therefore ordered that the said levy and sale be set aside," etc.

It is from this order that Osborn, the judgment creditor, and Hubbell, the purchaser, appeal.

*Polk & Hubbell* for the appellants.

*M. D. McHenry* for the appellee.

DILLON, J. — I. The service being by publication, and the levy on the McTighe judgment having been made

1. JURISDIC-TION: over attached property.

after the return day of the writ, and after it had been actually returned into court, and after default had been entered, we concur in opinion with the learned judge below, that the court acquired no jurisdiction over the McTighe judgment, and the order subjecting it to sale was void, and the sale under such an order was also a nullity.

II. This answers the objection of the appellant's attorneys, that no sufficient tender to Hubbell of the amount

2. —— void sale: tender to purchaser unnecessary.

he bid at the sale, has been proved, or if proved, it has not been kept good. If the sale was void, it may be set aside without such tender.

III. This also answers the point made by appellant's counsel, that the validity of the levy of the attachment,

3. —— failure to appeal: motion.

on the McTighe judgment, was adjudicated in this cause when the original judgment was rendered and no appeal was taken therefrom.

If, as we hold, the court had no jurisdiction in respect to the McTighe judgment, any adjudication or order it made, was without legal force or effect.

IV. We find that the point is not well taken, that there is another action pending, in which the defendant

**4. ABATEMENT:** asks the same relief that he now seeks. The
*pendency of another ac-* suit referred to is by one Hampton and not
*tion.* the defendant.

The present defendant is also made a defendant in
Hampton's suit, and so is the present plaintiff. That the
present defendant might by cross petition in Hampton's
suit, obtain the relief he now asks, is no bar to his right
to make the present application.

V. It is also argued that Cloud, who makes this motion,
has ratified the sheriff's levy and sale, by receiving the
proceeds of the latter. This point is not sustained by
the evidence.

The proceeds of the sale were received by Osborn and
not by Cloud. Arranging for the *lots sold* on the second
execution, would not ratify the sale of the McTighe judg-
ment on the first execution.

VI. Again, the court is of opinion that although a
judgment is for some purposes called or likened to a chose
**5. JUDGMENT:** in action (*Burtis* v. *Cook*, 16 Iowa, 194;
*cannot be levied upon* *Ballinger* v. *Tarbell*, Id. 494), and, although
*and sold.* the statute provides that " bank-bills and
other things in action may be levied upon and sold, or
appropriated as herein after provided (see section 3322),
and assignments thereon by the officer shall have the
same effect as if made by the defendant, and may be
treated as so made" (Rev. §§ 3272, 3276), still, the
sale of a judgment in the manner here attempted is
unauthorized. Section 3267 speaks of " levying on prop-
erty and collecting ' *things in action*,' by suit in the
officer's own name." Why speak of *collecting by suit* if it
was meant that " things in action " should include a
judgment already rendered? The use in section 3272,
above quoted, of the words " assignments *thereon*," that
is, *on the instrument* shows that the legislature did not

contemplate the levy upon a judgment, the same as upon a bank-bill, promissory note and the like.

So section 3322, referred to in section 3272, speaks of "bank-bills, drafts, promissory notes and other *papers* of a like character," etc. This is language not applicable to judgments.

The sections referred to, contemplate property, such as bills, notes, etc., that may be seized and taken into the possession of the officer; property having a visible existence, and of a nature to be present at the sale and delivered to the purchaser.

The statute provides for reaching "debts due the defendant," and the mode thus provided is by garnishment.

The plaintiff should have pursued this course; should have garnished McTighe, who was a resident of the county, instead of levying upon the judgment as he would do upon a horse or other chattel.

The sections referred to above, have introduced no such novelty into the law of Iowa, as levying upon and selling the judgment of a court.

Affirmed.