OCHILTREE ET AL. v. THE M., I. & N. R. CO. ET AL.

1. **Judgment** : SUBJECT TO EXECUTION : GARNISHMENT. A judgment may be levied on and sold under execution like any other personal property, but it can be attached by garnishment only.

*Appeal from Appanoose District Court.*

WEDNESDAY, SEPTEMBER 18.

IN October, 1875, G. M. Ochiltree obtained judgment against the Missouri, Iowa & Nebraska Railway Company for the sum of four thousand five hundred dollars. In 1875 the

plaintiff, George M. Ochiltree, became indebted to A. J. Morrison & Co. in the sum of one thousand one hundred and fifty dollars. In November, 1877, A. J. Morrison & Co. commenced suit by attachment against Ochiltree, he being a non-resident, and levied upon the judgment in his favor above referred to, and obtained service by publication. At the January Term, 1878, of the Appanoose Circuit Court, A. J. Morrison & Co. obtained judgment against Ochiltree for one thousand one hundred and fifty dollars, and an order for the sale of the attached property, pursuant to which the judgment in question in favor of Ochiltree was sold to A. J. Morrison & Co., and the sheriff made assignment thereof to them on the judgment docket. In October, 1876, the plaintiff Ochiltree, with others, filed his creditor's bill to subject the earnings of said railroad to the payment of his judgment, and for the appointment of a receiver. At the March Term, 1878, A. J. Morrison & Co. filed their intervenors' petition, claiming title to the Ochiltree judgment by virtue of the attachment proceedings and sale, and asking to be subrogated to the rights of Ochiltree therein. To this petition the plaintiff Ochiltree demurred, on the ground that the attachment proceedings are void. The court sustained this demurrer, and dismissed the petition of intervenors at their costs. The intervenors appeal.

*W. T. Vermillion* and *Geo. D. Porter*, for appellants.

*James Hagerman* and *Tannehill & Fee*, for appellee.

DAY, J.—Section 3269 of the Revision is as follows: "Stock or interests owned by the defendant in any company, and also

1. JUDGMENT: subject to execution: garnishment.

debts due him, and property of his in the hands of third persons, may be levied upon in the same manner provided for attaching the same." Section 3194 of the Revision provides that debts due the defendant, or property of his held by third persons, and which cannot be found, or the title to which is doubtful, are attached

by garnishment thereof.  Section 3272 of the Revision is as follows:  "Bank bills and other things in action may be levied upon and sold, or appropriated as hereinafter provided, and assignments thereon by the officer shall have the same effect as if made by the defendant, and may be treated as so made."  The words "appropriated as hereinafter provided" refer to section 3322 of the Revision, which provides:  "Money levied upon may be appropriated without being advertised or sold.  The same may be done with bank bills, drafts, promissory notes, or other papers of like character, if the plaintiff will receive them at their par value as cash, or if the officer can exchange them for cash at that value." · In *Osborn v. Cloud*, 23 Iowa, 104, it was held, construing section 3272, that judgments cannot be levied upon and sold, the court saying:  "The statute provides for reaching the debts due the defendant, and the mode thus provided is by garnishment."

In section 26, chapter 167, Laws of 1870, a substitute for section 3272 of the Revision was enacted as follows:  "Judgments, bank bills, and other things in action, may be levied upon and sold, or appropriated as hereinafter provided, and assignments thereof by the officer shall have the same effect as if made by the defendant, and may be treated as so made."  The effect of this amendment is to remove judgments out of the general designation of debts contained in section 3269, for if the word debts therein contained includes judgments, judgments must still be levied upon under an execution by the process of garnishment, and the amendment has effected no change.  In *Potter v. Phillips*, 44 Iowa, 353, a levy upon and sale of a judgment as other personal property was sustained.  The amendment above referred to appears in the Code of 1873 as section 3046.  Section 3269 of the Revision is the same as section 3050 of the Code of 1873.  Section 2949 of the Code of 1873, 3172 of the Revision, provides:  "The plaintiff in a civil action may cause any property of the defendant, which is not exempt from execution, to be attached at the commencement or during the progress of the proceed-

ing, by pursuing the course hereinafter prescribed." Judgments, as we have seen, are not exempt from execution, and, therefore, they may be attached. The real question in this case is, how is the attachment to be made. Section 2949 provides that the attachment of all property liable to attachment may be effected by "pursuing the course hereinafter prescribed." Section 2967 of the Code, 3194 of the Revision, provides: "Stock or interest owned by the defendant in any company, and also debts due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows:

"1. By giving the defendant in the action, if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person, notice of attachment.

"2. If the property is capable of manual delivery the sheriff must take it into his custody if it can be found.

"3. Stock in a company is attached by notifying the president or other head of the company, or the secretary, cashier or other managing agent thereof, of the fact that the stock has been so attached.

"4. Debts due the defendant, or property of his held by third persons, and which cannot be found, or the title to which is doubtful, are attached by garnishment thereof."

The word *debts*, in its general acceptation, embraces judgments. As we have seen, the substituted section 3272 of the Revision, which is section 3046 of the Code, removes judgments out of the general designation of debts contained in section 3269 of the Revision, 3050 of the Code. But there is no statute imposing a like limitation upon section 2967 of the Code. That section must be understood in its general and ordinary sense.

It follows that, while a judgment may be levied upon and sold under execution, as any other personal property, under the provisions of section 3046 of the Code, it can be attached only by garnishment under section 2967. No jurisdiction *in*

*rem* was acquired by the levy of the attachment of the inter-
venors, and the judgment which they recovered is conse-
quently void. The demurrer to their petition was properly
sustained.

AFFIRMED.