## McLAUGHLIN v. ALEXANDER *et al.*

1. Judgments in this state are subject to levy and sale on excution.
2. Before a judgment can be appropriated and assigned under an execution, as provided by Section 5123, Comp. Laws, a valid levy on the judgment must first be made.
3. Serving a copy of the execution, with the usual notice, upon the attorney of the judgment debtor, attorney of the execution debtor, and the justice of the peace who rendered the judgment, the judgment debtor being a non-resident of the state, does not constitute a valid levy on the judgment.
4. The question as to the proper manner of levying on a judgment under an execution in this state not decided.
5. A clear and explicit admission in one defense, in an answer of allegations in a complaint, denied in another defense in the same answer, when not unavoidably made for the purpose of presenting the defense in which the admission is made, is available to the plaintiff, and relieves him from the necessity of proving the allegations in his complaint so admitted in the answer.

(Syllabus by the Court. Opinion filed June 25, 1891.)

Appeal from circuit court Lawrence county. Hon. CHARLES M. THOMAS, Judge.

Action upon an undertaking given upon an appeal from a judgment in justice court, and alleged to have been assigned, together with the judgment, to the plaintiff. Defendants answer denying the assignment to plaintiff, and alleging that one of the defendants, Jones, was the owner of the judgment, setting up in the answer the manner in which he became the owner. Plaintiff demurred to the answer and the demurrer was sustained. Defendants appeal. Affirmed.

The facts are stated in the opinion.

*Martin & Mason* for appellants.

The answer presented a good denial, in that it denies the assignment to the plaintiff of the undertaking sued upon and of the judgment secured by it. Murdock v. Brooks, 38 Cal. 604; Hughes v. Brewer, 4 Pac. 1115; Cummins v. Lawrence Co., 1 S. D. 158.

The answer presented a good affirmative defense, in that it showed a prior and valid assignment, by levy and execution, to

one of the defendants of the undertaking sued on and of the judgment secured by it. §§ 5120, 5122, 5123, Comp. Laws; Potter v. Phillips, 44 Ia. 354; Ochiltree v. Railroad, 49 Ia. 152. The law of this state does not require the service of a notice of levy as a prerequisite to a valid levy. § 5135 Comp. Laws; O'Brian v. Ins. Co., 56 N. Y. 58. Even if such a requirement is contained in the law, any notice which will apprise a party with reasonable certainty of the sheriff's intention is sufficient. Payne v. Billingham, 10 Ia. 365; Greenleaf v. Muniford, 19 Abb. Pr. 477; Riordan v. Britton, 7 S. W. 50. The inaccuracy as to the date of judgment and name of the judgment debtor may be disregarded under the rule that the false portion of a description may be disregarded if the remainder identifies the property. Boggess v. Lowery, 3 S. E. 771; Jones Chat. M't'ges, § 61; Rowley v. Bartholomew, 37 Ia. 374; Adamson v. Peterson, 29 N. W. 321; Sehmidt v. Binder, 18 Pac. 491; King v. Aultman, 24 Kan. 246.

The assignment of a judgment carries with it as its incident an appeal bond. Freeman on Judg. § 431; Ulman v. Kline, 87 Ill. 268; § 620 Civ. Code; Phillips v. Bank, 18 Pa. St. 394; Shline v. Bowlin, 30 N. W. 879; Bolen v. Crosby, 49 N. Y. 187.

*McLaughlin & McLaughlin* for respondent.

There are two methods of levy, actual and constructive. Actual levy must be made by taking possession of the property levied upon. Powell v. McKechnie, 3 Dak. 319; Rorer on Jud. Sales, § 1243; Curey v. Bright, 37 Pa. St. 500; Id. 58 Pa. St. 70; Very v. Watkins, 20 How. 469. The only levy possible on a judgment is a constructive levy, and the statute of this state points out no method of constructive levy except in cases of attachment. A levy on property incapable of manual delivery made in the manner pointed out in the statute relating to attachment is good. Van Cise v. Bank, 33 N. W. 897; Drake on Attachments, § 626.

The proceedings alleged in the answer as having been taken by the officer, did not constitute a valid levy upon the judgment secured by the undertaking sued upon. First, because no no-

tice of levy was served upon the judgment debtor.   § 208 Code
Civ. Proc.; Clark v. Warren, 7 Lansing 180; *In re* Flandrow, 84
N. Y. 1; Orser v. Grossman, 11 How. Pr. 520; Harman v. Rem-
sen, 2 Abb. Pr. N. S. 272.    Second, because the judgment
levied upon was one rendered against Lucius Maxwell on Au-
gust 31st, 1885, and the levy does not recite in what court,
while in the judgment, which is the basis of this suit, the name
of the defendant was Manwell and the date of the judgment
August 26th, 1885.    Mason v. White, 11 Barb. 173; Herrick v.
Ammerman, 21 N. W. 836; Herrick v. Morrill, 33 N. W. 849.
It is admitted the notice of levy was erroneous; it therefore
constituted no lien.    Petingill v. Donelly, 7 N. W. 360; Morris
v. Brewster, 19 N. W. 50; Helmer v. Rehan, 14 Neb. 219;
Chambers v. Brown, 2 S. W. 518; Burrows v. Gibson, 3 N. W.
293; Pfeiffer v. Lindsay, 1 S. W. 265; Alday v. Whittaker, Id.
791; Cooper v. Jacobs, 2 So. 832; Farnham v. Hildreth, 32
Barb. 277; Troyer v. Wood, 6 S. W. 691; Budd & Co's Appeal,
15 Pa. St. 177; New York Bank's Appeal, 36 Id. 458; Freeman
on Judg. § 347; Buchan v. Sumner, 2 Barb. Ch. 165; Ins. Co.
v. Hesser, 42 N. W. 325; Thomas v. Deseny, 10 N. W. 315;
Sterling v. Early, 28 N. W. 315; Fuller v. Nelson, 28 N. W. 511.

CORSON, J.   This is an action brought by the plaintiff
against the defendants to recover upon an undertaking given
on appeal from a judgment wherein George J. Germain was
plaintiff, and Lucius Manwell was defendant, executed by the
defendants herein to said George J. Germain.   In the fourth
paragraph of the complaint the plaintiff alleges that before the
commencement of the action the said Germain duly assigned
to him the judgment and undertaking described in the com-
plaint, and that the said plaintiff was at the time the action
was instituted the owner and holder thereof.   The defendants
in their answer deny each and all the allegations contained in
Paragraph 4 of plaintiff's complaint, and, "for a further de-
fense, defendants allege that the defendant William E. Jones
is now and has been since prior to the 25th day of April, 1889,
the owner of the judgment set up in Paragraphs one and three
of plaintiff's complaint herein, said judgment having been as-

signed to said defendant prior to the assignment under which plaintiff herein claims said judgment; plaintiff having, as defendants are informed and believe, full notice of said assignment at the time he attempted to acquire the rights in said judgment and undertaking set up in his complaint herein." The defendants then proceed to set out the manner in which said Jones became the assignee of said Germain judgment, about April, 1889, which may be briefly stated as follows: That said Jones recovered a judgment in the district court of Lawrence county against said George J. Germain; that on or about April 18, 1889, an execution was issued thereon, and that the sheriff, under and by virtue thereof, levied upon said Germain judgment, and that said sheriff served a copy of said execution, with the following notice, upon the attorney of record of Lucius Manwell, defendant in the said Germain judgment, who is a resident of the State of Iowa, upon the attorney of said Germain, and upon the justice of the peace who rendered the judgment: "Take notice that, under and by virtue of an execution to me directed, and now in my possession, issued in this action, a certified copy of which is herewith served upon you, and left with you, I have levied upon, and do hereby levy upon, the following described property belonging to George J. Germain, towit: A certain judgment rendered in favor of George J. Germain and against Lucius Maxwell, by O. W. Jewett, J. P., on August 31st, 1885, and affirmed by dismissal in the district court; and I hereby demand that you furnish me with a written statement, under your hand, of said judgment, and the debt represented thereby." And the answer concludes as follows: "That the said copies of execution and notice were served upon the above named parties on or about the 19th day of April, 1889, and prior to the 25th day of April, 1889, on which last named day the assignment of said judgment to William L. McLaughlin, the plaintiff herein, was filed with the clerk of the district court of Lawrence county, Dak.; that on the 25th day of April, 1889, immediately after the filing by said William L. McLaughlin of the assignment of said judgment to himself, which said assignment was dated and acknowledged

on April 24, 1889, the said sheriff served upon the said plaintiff, William L. McLaughlin, a certified copy of said execution, with notice thereon attached, in substance the same as the one above set forth, excepting that the name of the judgment debtor in the notice hereto attached was properly given as Lucius Manwell, instead of Lucius Maxwell, as debtor, given in the notice served prior to April 25th. upon said Polk, McMahon, and Jewett, as aforesaid, upon information and belief, that the plaintiff, William L. McLaughlin, well knew, at the time of the execution, delivery and filing of the assignment to him of the said judgment in favor of George J. Germain, that execution had been sought to be levied thereon, and that the notices and certified copies of execution, as above set forth, had been served upon the above named parties; that this defendant William E. Jones will receive the said judgment in favor of George J. Germain at its par value as cash, and that the said sheriff has duly assigned the said judgment in favor of said George J. Germain to this defendant William E. Jones." To this answer the plaintiff interposed a demurrer, on the ground that the answer did not state facts sufficient to constitute a defense or counterclaim to the complaint. The court sustained the demurrer, and, the defendants electing to stand on their answer, judgment was thereupon rendered in favor of the plaintiff, and the defendants have appealed to this court.

The errors assigned are as follows: (1) The court erred in deciding that the levy of the defendant Jones upon the judgment and undertaking set out in plaintiff's complaint was invalid and of no effect. (2) The court erred in deciding that the defendant Jones is not the owner of the judgment and undertaking set out in complaint of the plaintiff. (3) The court erred in deciding that the plaintiff is the owner of the judgment and undertaking set out in the complaint of the plaintiff. (4) The court erred in sustaining the demurrer of the plaintiff to the defendants' answer herein.

The errors may be considered under the following heads: (1) Can a judgment in this state be levied on and sold like other personal property capable of seizure and manual delivery?

(2) Was the levy alleged to have been made on the Germain judgment sufficient to authorize the defendant Jones to hold it, as against the assignment by Germain to the plaintiff? (3) Assuming that the judgment could have been levied on and sold, was there such a misdescription of the judgment as to render the levy and sale invalid, as against the assignment to the plaintiff? And (4) did the court err in rendering judgment for plaintiff, after overruling the demurrer, and assuming that the admissions in the second defense in the answer relieved the plaintiff from proving the fact of assignment alleged in the fourth paragraph of his complaint, denied by the first defense in the answer.

1. Can a judgment be levied on and sold under an execution in this state? Under the provisions of our statute, we are of the opinion that a judgment is subject to levy and sale under an execution in this state. Section 5118, Comp. Laws, provides that "all goods, chattels, moneys, and other property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law, and all property and rights of property, seized and held under attachment in the action, are liable to execution. Shares and interests in any corporation or company, and debts and credits, and all other property, both real and personal, or any interest in real or personal property, and all other property not capable of manual delivery, shall be liable to be taken on execution and sold as hereinafter provided." Subdivision 3, § 4760, defines "personal property" as follows: "The words "personal property' include money, goods, chattels, things in action, and evidences of debt." This definition clearly includes judgments, as they are evidences of debt, and are recognized as property by all courts. This view is also sustained by Sections 5122 and 5123, which are as follows: "Judgments, bank bills, and other things in action may be sold or appropriated, as provided in the next following section, and assignment thereof by the officer shall have the same effect as if made by the defendant." Money levied may be appropriated without being advertised or sold. The same may be done with bank bills, drafts, promissory notes, or other pa-

pers of the like character, if the plaintiff will receive them at their par value as cash, or if the officer can exchange them for cash at that value. It will be observed that in Section 5122 judgments are specifically named in connection with bank bills and things in action. Section 5118 is exceedingly broad and comprehensive in its provisions, and seems intended to include all kinds of personal property, and was no doubt intended by our legislature to include judgments, debts, and things in action of every description within the definition of personal or real property, as subject to levy and sale on execution. Van Cise v. Bank, (Dak.) 33 N. W. Rep. 897.

2.    Were the proceedings taken by the sheriff under the execution in favor of defendant Jones such as to constitute a valid levy on the Germain judgment, as against the assignment of said judgment to the plaintiff? It will be noticed that the sheriff served a copy of his execution with the usual notice upon the attorney of Lucius Manwell, defendant in the Germain judgment, and who was a non-resident of the state, upon the attorney of Germain, and upon the justice of the peace who rendered the Germain judgment. Such a service did not in our opinion, constitute a valid levy on the judgement. There are only two methods known to the law by which an execution can be levied upon personal property. One is by the taking of actual possession of personal property capable of manual delivery by the sheriff. Powell v. McKechnie, 3 Dak. 319, 19 N. W. Rep. 410. And the other is by performing such acts in making the levy upon intangible personal property, or property incapable of manual delivery, as may be required by statute in order to make a constructive levy. Judgments were not subject to levy and sale on execution at common law. 7 Amer. & Eng. Enc. Law, 129; Osborn v. Cloud, 23 Iowa, 104; Latham v. Blake, (Cal.) 18 Pac. Rep. 150. Hence there is no common law method for making such levy. Judgments, therefore, being incapable of manual delivery, can only be levied on by such acts and proceedings, constituting a constructive levy, as may be provided by statute. The sheriff in the case at bar evidently intended, as far as possible, to make the levy under the provis-

ions of the statute relating to the service of the warrant of attachment, being Sections 5004, 5005. But assuming, for the purposes of this case, that such a levy, under his execution, if the provisions of the sections had been strictly followed, would have been good,—a point we do not decide,—still the sheriff in his proceedings in this case failed to make a valid levy. Section 5004 provides that debts and other property incapable of manual delivery may be attached "by leaving a certified copy of the warrant of attachment with the debtor or individual holding * * * such property, with a notice showing the property levied on," etc. And Section 5005 provides that whenever the sheriff shall, with a warrant of attachment or execution, apply to such debtor or individual for the purpose of attaching or levying upon such property, "such * * * debtor or individual shall furnish," etc. No provision is made in either of these sections for the service specified to be made upon any agent or attorney of the debtor, or any person other that the debtor himself or person holding the property. The only provision for service upon an attorney in this statute is found in Section 5135, when, for the purpose of claiming his exemptions by a debtor, a service of notice of levy may be given to the attorney. The notice does not constitute the levy, but may be given when the levy has been made. We are of the opinion that neither of the attorneys nor the justice of the peace held the judgment, within the meaning of these sections. This point was fully considered and decided in the court of appeals in New York, *in re* Flandrow, 84 N. Y. 1, in a case where it was sought to sustain the service of an attachment made upon the attorney of the judgment debtor, the judgment debtor being a foreign corporation, and, of course, in law absent from the state, as in the case at bar. The court in that case says: "It was provided by Section 235 of the Code of Procedure, then in force, that 'the execution of the attachment upon * * * any debts, or other property incapable of manual delivery to the sheriff, shall be made by leaving a certified copy of the warrant of attachment * * * with the debtor or individual holding such property * * *' It of course cannot be doubted that a judgment is,

within the meaning of the Code, property subject to attachment, and of the kind incapable of manual delivery. It is an award of the court that the plaintiff recover a sum of money, and thereby a legal obligation arises on the part of the defendant to pay it. But, although it is said to be a contract or debt or obligation of record, it cannot be said to be held or to be in the possession of any one. The clerk, as an officer of the court, keeps the record, but does not 'hold' the judgment. Nor does the attorney by whom it was procured. His powers are only such as are prescribed by law. They are limited to a representation of the plaintiff in the action; the management of the controversy therein; to the collection of the judgment, when recovered, by such means as the law provides; and its discharge or satisfaction, if paid within two years from its recovery. He can neither assign nor sell nor deliver it. He uses the process of the court for the enforcement of the judgment, and, if found in his hands, its proceeds might be seized by attachment. But the judgment is intangible. As the attorney has not possession of it, neither has he, in any general sense, 'authority over it.' His power is official, its exercise limited to those acts which by means of legal process leads to its enforcement, or to the receipt of payment within a time limited by statute. His retainer is evidence that he may exercise the powers so given, but they cannot be extended or enlarged without his client's consent; and what he cannot himself do cannot be done through him by his client's creditor. From these considerations, and from the very nature of the obligation, it follows that the only way to subject a judgment to attachment for the payment of the debt of the plaintiff therein is to serve the warrant upon the debtor, the person against whom the judgment was recovered; and, as that was not done, the petitioner acquired no title to the judgment, and the order denying his petition was properly made."

Section 5120 provides. "The officer must execute the writ by levying on the property of the judgement debtor, collecting the things in action by suit in his own name, if necessary, or by selling the same, selling the other property, and paying to

the plaintiff the proceeds, or so much thereof as will satisfy the execution." And the last clause of Section 5121 provides: "But no writ of exection shall be a lien on personal property before the actual levy thereof." It will be seen, therefore, that a levy must be made, and that until made no lien is acquired upon the property. Hence if, as claimed by counsel for the appellants, the assignment of the judgment by the sheriff constituted the levy, the assignment by the sheriff in this case appears to have been subsequent to the assignment by Germain to the plaintiff, and therefore plaintiff's assignment would prevail. But we are of opinion that, before the sheriff would be authorized to make the assignment of the judgment as provided in Section 5123, he must make a valid levy on the judgment. A valid levy being made, the sheriff would be authorized to sell the same, as provided in Section 5120, or appropriate or exchange it, as provided in Section 5123. The counsel for appellants have referred us to Potter v. Phillips, 44 Ia. 353, and Ochiltree v. Railroad Co., 49 Iowa, 150, in which it was held that judgments in that state are subject to levy and sale under execution. But in neither of those cases is the manner of the levy on a judgment under execution discussed, and hence they do not aid us in our present inquiry. Our conclusions are therefore that, under the provisions of our statute, a judgment may be levied on and sold under execution, but that in this case there was no valid levy, actual or constructive, and that the proceedings and assignment set up in defendants' second defense constituted no defense to plaintiff's action, and that for that reason the demurrer was properly sustained. It will be observed that we express no opinion in this case as to the proper manner of levying on a judgment under an execution under our statute, and we have purposely reserved that question for further consideration in a case that may properly require a decision of the question.

3. The conclusion to which we have arrived renders it unnecessary to express any opinion upon the question as to the mistake in the notice served by the sheriff, of the name of the judgment defendant, and date of the rendition of the judgment

in Germaine v. Manwell, as, the notice being held ineffectual for any purpose, the mistake becomes immaterial in this case.

4.    Counsel for appellants further contend that, as they had denied fully the assignment alleged in the complaint, in the first defense set up in their answer, they were entitled to a trial upon that issue, and that the court erred in entering judgment for plaintiff, and overruling the demurrer, without a trial.    Respondent's counsel, in reply to this contention, insist that defendants had admitted the assignment in their second defense, and that there was therefore no issue upon that question to be tried.    An examination of defendants' second defense discloses the fact that defendants have admitted the assignment from Germain to the plaintiff of the judgment in controversy.    This, then, presents the question of whether or not an admission in one defense is available to a plaintiff to sustain an allegation in his complaint fully denied in another defense pleaded in the same manner.    In Wisconsin it is held that an explicit admission of a fact alloged in the complaint, in any defense, may be used by the plaintiff to sustain the allegations of the complaint, and that when a fact is so admitted the plaintiff is relieved from proving such fact on the trial.    Dickson v. Cole, 34 Wis. 621; Farrell v. Hennesy, 21 Wis. 632; Hartwell v. Page, 14 Wis. 49.    The same rule is held in New York.    Paige v. Willet, 38 N. Y. 28.    California courts, however, hold the reverse.    Billing's v. Drew, 52 Cal. 565; Amador Co. v. Butterfield, 51 Cal. 526; Buhne v. Corbett, 43 Cal. 264; Nudd v. Thompson, 34 Cal. 39.    And Iowa holds with California. Quigley v. Merritt, 11 Iowa, 147;  Barr v. Hack, 46 Iowa, 308. In Glen v. Sumner, 132 U. S. 152, 10 Sup. Ct. Rep. 41 Mr. Justice GRAY, speaking for the court in a case of admission in the pleadings, says:  "Such statements, made for the purpose of presenting the issue to which they relate, are not evidence upon any other issue in the same record.    As held by Chief Justice MARSHALL, sitting in the circuit court for the district of North Carolina, when the law authorizes a defendant to plead several pleas he may use each plea in his defense, and the admission unavoidably contained in one cannot be used against

him in another." This was said in a case from North Carolina, where the provisions of the Code are similar to our own, and where the circuit court of the United States is governed by the practice in the state courts in actions at law. The question was before the late territorial supreme court in two cases. In Dole v. Burleigh, 1 Dak. 227, 46 N. W. Rep. 692, the court followed the rule as laid down in Wisconsin. Mr. Justice BARNES, delivering the opinion of the court, says: "Under the Code, a party may set up as many defenses as he chooses, but he cannot, by making repugnant allegations, compel the plaintiff, in order to avoid a denial in one part of the answer, prove a fact admitted in another;" and he cites Hartwell v. Page, *supra.* In Myrick v. Bill, 3 Dak. 284, 17 N. W. Rep. 268, Mr. Justice WILLIAM E. CHURCH, delivering the opinion of the court, says: "A defendant is not at liberty to raise an issue he has closed by admissions (and, *a fortiori*, by averments) in his answer, nor can one, who explicitly admits or avers by his pleading that which establishes plaintiff's right, be permitted to deny the existence of the fact so admitted or averred, or to prove any state of facts inconsistent therewith." Citing Paige v. Willet, 38 N. Y. 28. As the courts of other states, as we have seen, are divided upon this question, we think it our duty to follow the decisions of our own court in this case, without at this time suggesting any qualification of the rule so broadly laid down. But, in the proper case, it may be a serious question whether an exception should not be made, as suggested by Mr. Justice GRAY in Glenn v. Sumner, *supra*, as to an admission unavoidably made in order to enable a party to properly present a defense. In the case at bar it will be observed the admission is clearly and specifically made that the assignment was executed, acknowledged, delivered, and filed, giving the date of the acknowledgment and filing, and seems to have been made without any apparent necessity existing to enable the pleader to present his affirmative defense. It is quite clear from the whole answer, taken together, that the only issue intended to be raised was whether the assignment of the judgment and undertaking to plaintiff was legally valid, as against

the proceedings taken by defendant Jones to acquire the title to the same, and that defendants did not intend to deny the assignment to plaintiff as a fact. We are of the opinion, therefore, the court committed no error in rendering judgment upon the demurrer in favor of the plaintiff, and the judgment of the court below is affirmed. All the judges concurring.