## KIRBY V. SCANLAN *et al.*

1. In an action on a promissory note, where defendants have set out in their answer an agreement under which they received the note, the agreement is a part of defendant's admissions, and may be considered by the court in determining whether plaintiff has made out his case.

2. Where a note has been sold, and the payment of part of the purchase consideration is made contingent on the payment in full of the note, and there is no agreement not to further transfer the note, its transfer to a subsequent purchaser for full value is not such a payment as will satisfy the contingency.

(Opinion filed June 17, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

　Action on a contract for a loan.　Defendants had judgment and plaintiff appeals.　Affirmed.

　The facts are stated in the opinion.

　*Joe Kirby*, in *pro. per.*

　If the money advanced is to be repaid absolutely and in all events, the transaction will be regarded as a loan; if the sum to be received exceeds legal rate, the transaction will be usurious.　It is not necessary that there should be an express agreement to repay, if the court can see that repayment was evidently contemplated by the parties.　Tyson v. Rickard, 5 Am. Dec. 424; 27 Am. & Eng. Encyc. of Law, 923; see, also, Id. 1026.　Under the statute of this state a pledgee has no right to sell evidence of debt pledged to him, except the obligations of governments, states or corporations.　Comp. Laws, § 4412. From the moment, therefore, that defendants sold this note to the bank, they became liable to Mr. Cole for its conversion and were answerable to him for the value of his interest therein. Comp. Laws, § 4342; Everett v. Buchanan, 2 Dak. 248-271; Hawkins v. Hubbard, 2 S. D. 631.

　*Muller & Conway*, for respondents.

　The evidence shows that the note was the property of the Citizens' Bank from the time of its purchase from Cole; that the Citizens' Bank was organized into the Citizens' State Bank; that there was no other change of possession; and even if plaintiff's contention that the note was only pledged, is true, no sale or unlawful disposition of the note is shown to have been made by defendants.　The organization was required by law, and the defendant could not have continued business without organizing according to the provisions of the act of March 10, 1891.　The right of succession is given by the same act, and when so organized the new corporation assumes the rights and liabilities of the old.　See, also, Railroad Co. v. Boney (Ind.), 3 L. R. A. 435; Thompson v. Abbott, 61 Mo. 176; Mount Pleasant v. Beckwith, 100 U. S. 514; Pullman Car Co. v. Mo. Pac. Ry. Co., 115 U. S. 587; 2 Morawetz Priv. Corp., § 955; 4 Am. & Eng. Encyc. Law, 272.

None of the allegations of the complaint are sustained by plaintiff's evidence, and there is a complete failure of proof. Plaintiff cannot avail himself of the contract set out in defendants' answer, to prove that he is entitled to recover part of the amount sued for. Comp. Laws, § 4936; Creimor v. Miller, 57 N. W. 318; Inhoff v. House, 53 N. W. 1032; Tomlinson v. Monroe, 41 Cal. 94; Christian College v. Hondly, 49 Cal. 349; Moore v. Tice, 22 Cal. 515; Johnson v. Moss, 45 Cal. 515.

CORSON, P. J. The material parts of the complaint in this action are as follows: "Second. That on or about the 28th day of November, 1890, one George A. Cole did enter into a contract to and with defendants, whereby the said defendants agreed to let and loan unto him, the said George A. Cole, the sum forthwith of twenty-five hundred dollars, and the further sum of one thousand dollars on July 17, 1891, and one thousand dollars on October 2, 1891, which sums the said defendants did loan and let unto the said George A. Cole, upon the dates aforesaid. Third. That to secure the payment of said sums, and for no other purpose, the said George A. Cole did pledge and deliver to the said defendants, to be by them held as collateral thereto, one note, in the sum of ninety-eight hundred dollars, signed by Chase, Dunning, Ives & Small, which note was dated June 30, 1890, and bore interest annually at seven per cent; and in addition, and as security thereto, the said Cole did assign to said defendants a mortgage securing said note. Fourth. That for the purpose of avoiding the usury laws of this state, and for the purpose of charging and receiving from the said George A. Cole a greater sum of interest than twelve per cent, upon said money so loaned as aforesaid, and for no other purpose, the said defendants did cause the said George A. Cole to execute to them an agreement in writing, whereby, and by the terms of which, the said defendants purported to purchase from the said Cole the said note and mortgage for eighty-five hundred dollars, twenty-five hundred dollars of which pur-

ported to be paid then, but which in reality was a loan afore-said—one thousand dollars on or about June 3, 1891, and one thousand dollars on or about October 1, 1891, and the remain-ing four thousand dollars when said note for ninety-eight hun-dred dollars was paid in full. Sixth. That, on information and belief, plaintiff alleges that the said defendants, Thomas Scanlan and J. A. Cavanaugh, have received from and through said collateral an amount greatly in excess of the amount loaned to said George A. Cole; and that the said defendants have likewise sold, assigned and converted said note, of the value of ninety-eight hundred dollars, with interest thereon at seven per cent from June 3, 1890, to their own use. Seventh. That said George A. Cole, for a valuable consideration, sold all his right, title and interest in and to said note pledged to the plaintiff as aforesaid, and all his right, claim or interest against the said defendants on account of said usurious inter-est contracted for as aforesaid." It is stated in the abstract that there was added a proper demand for judgment, but what judgment was demanded does not appear.

The defendants denied all the allegations of the complaint, except the first paragraph, alleging the co-partnership of the defendants. They further answer as follows: "Fourth. De-fendants, further answering, and for a separate defense, allege that for a long time prior to the 28th day of November, A. D. 1890, these defendants were co-partners and doing a general banking business in the city of Sioux Falls, which business consisted of loaning money, buying and selling securities, and their place of business was known as the 'Citizens' Bank'; and that said bank was a private institution, and not incorporated. Fifth. That on the 28th day of November, A. D. 1890, these defendants entered into a contract in writing with George A. Cole, of the city of Sioux Falls, by which said defendants pur-chased from the said George A. Cole all his right, title, and every interest whatsoever in a certain note and mortgage, dated at Sioux Falls, South Dakota, June 3, 1890, for nine

thousand eight hundred dollars ($9,800), due on or before five years after date, and bearing interest at the rate of seven per cent per annum, which note was secured by a mortgage, and signed by Andrew Chase, Orrington L. Small, Edward C. Dunning and Lewis P. Ives, and their several wives, for the sum of eight thousand five hundred dollars ($8,500), which contract is in words and figures following, to wit:    'This agreement, made and entered into this 28th day of November, A. D. 1890, between George A. Cole, of Sioux Falls, party of the first part, and Scanlan & Cavanaugh, of Sioux Falls, parties of the second part, witnesseth:    That the said party of the first part, for and in consideration of the sum of eight thousand and five hundred dollars ($8,500), to be paid by said second party as hereinafter provided, assigns, transfers, and sets over all his right, title and interest whatsoever which he has now or hereafter may or can acquire to the following note and mortgage, viz:    Note dated at Sioux Falls, South Dakota, June 3rd, 1890, for nine thousand and eight hundred dollars ($9,80C), due on or before five years after date, and bearing annual interest at the rate of seven per cent; said note and mortgage being signed by Andrew Chase, Orrington L. Small, Edward C. Dunning and Lewis S. Ives, and secured by mortgage of real estate.    And said second parties agree to pay to said first party twenty-five hundred dollars ($2,500) cash in hand; one thousand dollars ($1,000) as soon as interest on the above-described note due June 3rd, 1891, is paid, one thousand dollars ($1,000) October 1st, 1891; and the remaining four thousand ($4,000) when the before mentioned note of nine thousand eight hundred ($9,800), due June 3rd, 1895, is paid in full, both principal and interest.    George A. Cole.    Scanlan & Cavanaugh.' Sixth.    That defendants have performed all the conditions of said contract, and done every act in regard to the same upon their part to be performed.    They have paid to the said George A. Cole the sum of four thousand five hundred dollars ($4,500). That said note and mortgage then became and was the prop-

erty of said Citizens' Bank, subject to the conditions of the contract above set out." It is further alleged that the Citizens' Bank, formerly existing as a co-partnership, was incorporated under the state law of 1891, and: "Eighth. That said Citizens' State Bank was officered and organized by the same persons, including these defendants, who had formerly been associated together in the said Citizens' Bank, and succeeded to and conducted the business of the Citizens' Bank; that all the assets of the said Citizens' Bank, including the notes and mortgages above described, were transferred and became a part of the Citizens' State Bank. Ninth. The said Citizens' State Bank is now the owner and holder of the note and mortgage above described, subject to the contract hereinbefore set out, and has been ever since the incorporation of said bank, and that said note and said mortgage is not due, and will not become due before the third day of June, 1895; that no part of the same has been paid except the sum of six hundred and eighty-six dollars ($686.00), which was paid by the said George A. Cole to complete his contract with these defendants, and to procure the payment of $1,000; that these defendants are ready and will comply with the conditions of the contract above set [out] whenever the said note of nine thousand eight hundred ($9,800), together with interest thereon, is paid in full, as agreed in the contract above set out." At the conclusion of the plaintiff's evidence, the court, on motion of defendants' counsel, directed a verdict for the defendants. A motion for a new trial was made and overruled, and the plaintiff appeals.

We have deemed it proper to give the pleadings quite fully in order that the appellant's action might be clearly understood and also to enable us to see how far the plaintiff's case was aided by the omissions of the defendants in their answer. By the complaint, it would seem the appellant's right to recover was based upon the theory that the note was held by the defendants as a pledge for a loan made to appellant's assignee, Cole, and that the transfer of the note to the Citizen's State

Bank was a conversion of the same, which rendered the defendants liable for its value. As all the material allegations of the complaint were denied in the answer, to entitle the plaintiff to recover, it was necessary for him to prove the allegations of the complaint substantially as alleged, unless the defendants, by admissions in their answer, relieved the plaintiff from the necessity of making such proof. McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 99.

Upon the trial, E. J. Tabor, a witness called on the part of the plaintiff, testified as follows: "I am acquainted with the Citizens' State Bank. I am and have been for years past an officer of that bank. I am one of its directors. This bank's principal place of business is in the Ramsey block in the city of Sioux Falls. I have seen Exhibit A before. * * * On the back of this note was indorsed the following, 'George A. Cole." This note, Exhibit A, came into the Citizens' Bank about the time it was given. It was bought by defendants, Scanlan and Cavanaugh in June sometime. Finally, they organized into a state bank. It was turned in at its face value. I do not remember whether interest was charged up also to the Citizens' State Bank. It was placed in the state bank as assets at the time that bank was organized. I think there was interest charged. It was put into the Citizens' State Bank by Scanlan and Cavanaugh. It has not, that I know of, since that time changed ownership, or been removed out of the state bank. Q. You state that it was put into the Citizens' State Bank. How do you mean—put up as collateral, as money, or sold into the bank? A. It was turned in at $9,800 cash. It was transferred. It went into the Citizens' Bank at first at the face value, and then, when they converted the Citizens' Bank into a state bank it went in there with the other bills, at its face value. I don't know about the interest. The Citizen's State Bank is the owner of the note. The Citizens' Bank was composed of copartners. They were Scanlan and Cavanaugh and several others, including myself. The Citizens' State Bank is a cor-

poration. Q. Defendants' counsel: The same persons com-
pose the Citizens' Bank as did the state bank? A. Stock was
issued to these individuals. At the first time it was the parties
that held stock in the Citizens' Bank who received the stock in
the Citizens' State Bank. This stock was issued in place of the
co-partnership shares. Subsequently, other parties bought
stock in the Citizens' State Bank. There are additional stock-
holders now in the Citizens' State Bank who were not stock-
holders at the time it was organized." This was all the evi-
dence as to the contract or conversion of the note by the defend-
ants. The plaintiff further gave in evidence the record in an ac-
tion in the circuit court of Lincoln county, in which the present
defendants were the plaintiffs, and the makers of the $9,800 note
and mortgage, together with George A. Cole, were defendants.
This action was commenced on June 14, 1892. The complaint
in that case alleges that the plaintiffs, Scanlan & Cavanaugh,
were co-partners, and were the owners of the note and mort-
gage, and it was verified by Scanlan. The action was brought
to foreclose the mortgage, and there was a prayer for judg-
ment against the makers of the note and mortgage, and also
against Cole, as indorser of the note, for any deficiency. The
plaintiff was then sworn as a witness in his own behalf, and
proved the execution of the assignment from Cole to himself of
his (Cole's) interest in the note, and the note and assignment
were introduced in evidence, and thereupon plaintiff rested.
The above is substantially all the evidence in the case. The
court then directed a verdict for the defendants, as before
stated.

The plaintiff insists that, upon this evidence, uncontra-
dicted, he was entitled to recover, for the reason that the same
established the fact that the defendants had transferred the
note for its full face value, and that the court, in granting de-
fendants' motion, committed an error for which he is entitled
to a reversal of the judgment. But there is, as will be noticed
an entire absence of proof to sustain the allegations of the

plaintiff's complaint as to the pledge of the note for a loan. Mr. Tabor, the plaintiff's witness, says: "This note, Exhibit A, came into the Citizens' Bank about the time it was given. It was bought by defendants, Scanlan and Cavanaugh, in June sometime." This was the only evidence introduced by plaintiff upon the question of the contract alleged in the complaint, and hence must be taken as undisputed. So that the allegations of the complaint as to the note having been transferred by Cole to the defendants as a pledge for a loan, not only is not supported by any evidence, but is actually disproved by the plaintiff's own witness.

The loan and pledge feature of the case being eliminated, and it simply appearing that the said Cole sold and transferred the note to the defendants, appellant failed to establish any cause of action by his own evidence against the defendants, at the time this action was commenced. Unless, therefore, the admissions in the answer of the defendants aided the appellant in making out his cause of action, the direction of the court was clearly proper. In our view of the case, these admissions do not aid the appellant. It is true, the defendants admit that they had paid the plaintiff only $4,500 on the purchase of the note, and that they were to pay $4,000 more, but which was to be paid upon the terms specified in the written contract, which is set out in the answer, and by which it appears that the $4,000 was to be paid "when the beforementioned note of nine thousand eight hundred dollars, due June 3rd, 1895, is paid in full, both principal and interest." The whole of the admission must be taken together. Assuming, therefore, that the transfer of the note was made by the defendants to the Citizens' State Bank after its incorporation, this would not, under the admissions, entitle Cole or his assignee to the unpaid balance of the $4,000, as the transfer to the bank was not a payment of the note, but a purchase of the same by the bank. Defendant's liability to Cole would only arise by the terms of the agreement, when the note should in fact be fully paid, principal and interest, as specified in the written agreement.

Of course, in this view of the case, the contract, as alleged by the plaintiff in his complaint, is not taken into consideration, for, as we have before stated, there was no evidence to sustain it and we take the proof as made by the plaintiff, that the defendants bought the note from Cole, as undisputed. The evidence, therefore, of Tabor, and the admissions of the defendants, that the note was transferred by the defendants to the Citizens' State Bank after its incorporation, become entirely immaterial. It was not paid by that act of purchase by the bank. The purchase and payment are distinct legal transactions. An act denominated a "purchase" may, when made under certain circumstances, constitute a "payment"; but there are no circumstances in this case that raise any such question. Appellant contends, as we understand his brief, that we may look to the agreement made a part of the answer, to ascertain what the agreement in fact was, and that the court below should have taken it into consideration. This position is controverted by the respondents. Taken as a part of the defendants' admissions, we think it was proper for the trial court, and is proper for this court, to consider it in determining whether or not plaintiff had made out his case. But we do not deem the question as to whether or not a written contract annexed to an answer may be properly considered generally, as material in this case, as the agreement clearly shows a sale, and it in no manner contradicts the evidence of Tabor, and contains nothing to support appellants' complaint or theory of the case.

Appellant devotes some portion of his brief to the question of usury, but we are unable to discover any evidence in the case that presents that question, and we shall therefore pass it without discussion.

Appellant states his final contention as follows: "But, again passing the question of usury, and conceding, without admitting, for the purpose of argument, that the contract with Cole was all the defendants claimed for it, that the sale of the

note was absolute, and the last payment on the purchase price was contingent on its payment, still the plaintiff, under the evidence introduced, would be entitled to a verdict for the last four thousand dollars. The evidence shows that the defendants have sold and parted with all interest in the note; that they sold it for its full face value. This being the case they became answerable to Mr. Cole or his assignee, for the deficiency." This position is not tenable, for the reason that there is no evidence of any stipulation on the part of the defendants not to dispose of the note, or that they were to become liable in case they should realize the amount of the note by a sale or transfer of the same. Independently of the admissions of the answer, the appellant failed to prove any cause of action against the defendants. The admissions in the answer, when properly considered in connection with the written agreement, did not aid him.

The appellant further insists that the defendants, by transferring the note to the Citizens' State Bank without indorsement, ceased to have any further interest in the note, and that, as to them, it was in law paid, and hence they are liable, as the condition has arisen upon which their liability to pay Cole the balance of the purchase money became fixed. But the difficulty with the appellants' contention is that he neither proved any such contract by his own witnesses, nor do the admissions of the defendants support any such contention.

We have not deemed it necessary to consider the effect of the transfer by the defendants of assets belonging to the Citizens' Bank, conducted by the co-partners, to the Citizens' State Bank, as a corporation. Whether such a transfer, made by partners in changing their business from a co-partnership to a corporation, would constitute such a transfer of pledged property as to amount to a conversion in law, may be an interesting question when it properly arises; but as it does not arise in this case, there being no evidence that any pledged property was transferred, it is not necessary to decide it at this time.

We are of the opinion, therefore, that, when the appellant rested his case, he had failed to establish any cause of action against the defendants, and that the court properly directed a verdict for the defendants. The judgment of the court below is affirmed.