THE CEDAR RAPIDS PUMP COMPANY v. G. A. MILLER & SONS, Defendants, THE BENTON COUNTY SAVINGS BANK OF NORWAY, IOWA, Garnishee, Appellant.

Levy: BOOKS AND BOOK ACCOUNTS. A levy on books of account under an attachment is not a levy on the debts charged therein as Code, 1873, section 2967, provides that debts due a defendant shall be attached by garnishment.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

MONDAY, MAY 23, 1898.

PLAINTIFF brought this action to recover of the defendants G. A. Miller & Sons the sum of six hundred dollars, and caused an attachment to issue therein, under which the Benton County Savings Bank of Norway was garnished, as a supposed debtor to the defendants G. A. Miller & Sons. The case was tried to the court, and judgment rendered against the garnishee, on its answer, January 29, 1897, for two hundred and sixty-seven dollars and costs, from which judgment said garnishee appeals.— *Affirmed.*

*Tom H. Milner* for appellant.

*W. L. Crissman* and *C. D. Harrison* for appellee.

GIVEN, J.—I. The following facts appear in the answer of the garnishee, and a stipulation made by the

parties:   Prior to the issuing of the attachment in this case, intervener had commenced an action in the district court of Benton county against G. A. Miller & Sons to recover fourteen thousand dollars, and caused an attachment to issue therein, and to be placed in the hands of S. H. Metcalf, sheriff of Benton county, for service. Prior to the service of said notice of garnishment in this case, said sheriff levied the attachment in his hands upon the book accounts of Miller & Sons, and took the books containing the same into his possession. Thereafter the sheriff turned over said books to appellant, for the purpose of collecting the accounts and taking care of the books.   Before the service of garnishment, appellant had collected on said accounts, and had in its possession, two hundred and sixty-seven dollars and eleven cents, for which it thereafter gave the sheriff a certificate of deposit.   None of the persons from whom said collections had been made were garnished, and the only thing done by the sheriff in making the levy was to take possession of the books containing the accounts.

II.   If the two hundred and sixty-seven dollars and eleven cents were in the custody of the law, by reason of the levy of appellant's attachment, then the superior court had no jurisdiction over it. Appellant's contention is that, by levying upon and taking possession of the books, the sheriff acquired legal custody of the accounts therein that were collected, and the right to collect the same, and that appellant's possession was as bailee for the sheriff.   Appellee's contention is that the levy conferred no right or interest in the accounts, but simply in the material composing the books, and that, therefore, neither the accounts nor the money collected thereon were in the custody of the law.   In other words, we have the question whether this levy on the account books was a levy on the debts charged therein.   Section 2967

of the Code of 1873 is as follows: "Sec. 2967. What may be Attached and How Done. Stock or interest owned by the defendant in any company, and also debts due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows. (1) By giving the defendant in the action, if found within the county, and also the person accompanying or in possession of the property, if it be in the hands of a third person, notice of attachment. (2) If the property is capable of manual delivery, the sheriff must take it into his custody if it can be found. (3) Stock in a company is attached by notifying the president or other head of the company, or the secretary, cashier, or other managing agent thereof, of the fact that the stock has been so attached. (4) Debts due the defendant, or property of his held by third persons and which cannot be found, or the title to which is doubtful, are attached by garnishment thereof." The sheriff could take manual possession of the books, but not of the debts due to Miller & Sons. They could only be attached by garnishment. To make a legal levy, "the officer should do that which will amount to a change of possession, or something that will be equivalent to a claim of dominion, coupled with a power to exercise it." *Crawford v. Newell*, 23 Iowa, 453. There was no change in the possession of, or dominion over these debts,— nothing that gave the sheriff or appellant power to exercise dominion over them, or to prevent the debtors from paying to Miller & Sons. The statute is specific in providing how attachments may be made when the property is not capable of manual delivery, or cannot be found, and that "debts due the defendant  *  *  * are attached by garnishment." See *Osborn v. Cloud*, 23 Iowa, 104; *Ochiltree v. Railroad Co.*, 49 Iowa, 150; 2 Freeman, Executions (2d ed.), section 262; Waples Attachment, 169; *Goodbar v. Lindsley*, 51 Ark. 380.

These authorities are all to the effect that a levy upon books of account is not a levy upon the debts charged therein, due by others to the defendant in attachment or execution. It follows from this conclusion that neither the accounts, nor the money collected thereon, were in the custody of the law, nor of the district court of Benton county, and that the superior court had jurisdiction thereof, and to render the judgment that it did. —AFFIRMED.